**Brandon B. WILKERSON,
Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 48A05–0908–CR–458.

Court of Appeals of Indiana.

Dec. 23, 2009.

David W. Stone, Anderson, IN, Attorney for Appellant.

Gregory F. Zoeller, Attorney General of Indiana, Arturo Rodriguez II, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

## OPINION

BROWN, Judge.

Brandon Wilkerson appeals the revocation of his probation. Wilkerson raises two issues, which we revise and restate as follows:

I. Whether the evidence is sufficient to support the revocation of his probation; and

II. Whether the trial court abused its discretion by ordering Wilkerson to serve his entire remaining suspended sentence.

We affirm.

The facts most favorable to the probation revocation follow. On July 21, 2004, Wilkerson was sentenced to twenty years in the Department of Correction after pleading guilty to armed robbery as a class B felony. Wilkerson was recommended for placement in the Plainfield Correctional Facility so that he could work on attaining his G.E.D. as well as on post-secondary education. On August 13, 2007, Wilkerson's sentence was modified to work release. On November 5, 2007, Wilkerson's sentence was modified to probation.

On February 9, 2009, Anderson Detective Kevin Earley who was assigned to the Madison County Drug Task Force received information that Wilkerson was selling cocaine from an apartment in the West Manor Apartments located at 2207 Fulton Street. Anderson Detectives Early, Stephon Blackwell, and Clifford Cole observed Wilkerson outside of the apartment building dressed in a black hooded coat. Soon after, the detectives called for a uniformed officer who came out and accompanied the detectives to Apartment 7. After the uniformed officer knocked at the door, a woman answered and gave them permission to enter the apartment. Inside, "[t]here was an [sic] ... strong odor of marijuana in the air as well as smoke." Transcript at 42. Wilkerson was in the apartment along with two other people. There was a cigar on the floor between two individuals that field tested positive for marijuana. Wilkerson was placed under arrest, and a search incident to the arrest was conducted. Detective Earley

searched the same black hooded jacket he had observed Wilkerson wearing outside, which was hanging on the chair Wilkerson had been sitting in, and they found a digital scale containing "white residue . . . that field tested positive for cocaine." *Id.* at 43. Wilkerson was also found to have $580.00 cash on his person. The woman who gave the detectives permission to enter Apartment 7 gave a statement that the jacket belonged to Wilkerson.

Later on the same day, Detective Cole received information from a confidential informant that there was cocaine at 1412½ Cedar in Anderson, which was Wilkerson's residence, and the detectives obtained a search warrant for that address. The detectives entered the residence and went into a bedroom which contained a closet. Inside the closet there was a shoe box containing 26 grams of a substance which field tested positive for crack cocaine. In the same area as the shoebox, there was a mattress, and under the mattress was a .45 caliber handgun and a 9 mm rifle, as well as loaded magazines. There were also men's clothes and men's tennis shoes located in the house, as well as a mobile scanner.

Shadai Jones, also living at 1412½ Cedar, told the officers that the guns and cocaine were not "hers and [they] had to be [Wilkerson's]." *Id.* at 48. Also, while the officers were searching the house, Steve Boyd, who was the brother of the house's landlord, came by to check on Wilkerson, whom Boyd had been helping to move in and who was "working on the place and fixing it up." *Id.* at 49. Boyd confirmed to the officers that Wilkerson lived at the residence, and that Wilkerson had paid his first month's rent. Jones and Wilkerson had just moved into the house on February 1, 2009. They been sharing a single key to the house, and no one else had access inside.

On February 18, 2009, the State filed a Petition for Violation of Probation which alleged that Wilkerson violated his probation in that: (1) on February 9, 2009, Wilkerson knowingly or intentionally possessed twenty-six grams of cocaine with the intent to deliver; (2) on February 9, 2009, he knowingly or intentionally possessed cocaine within 1,000 feet of a public park or family housing complex; and (3) he failed to notify the probation department of his current address. On February 19, 2009, the trial court held an initial hearing regarding the alleged probation violation. On March 9, 2009, a probation violation hearing was held and the trial court found that Wilkerson "violated the terms and conditions of his probation by possessing twenty-six (26) grams of cocaine." *Id.* at 60. The trial court ordered a "full revocation" of Wilkerson's probation and ordered him to serve the balance of his sentence in the Indiana Department of Correction. *Id.*

## I.

The first issue is whether the evidence is sufficient to support the revocation of Wilkerson's probation. The State must prove a probation violation by a preponderance of the evidence. *Parker v. State,* 676 N.E.2d 1083, 1086 (Ind.Ct.App. 1997) (citing *Braxton v. State,* 651 N.E.2d 268, 270 (Ind.1995), *reh'g denied*). On review, we neither weigh the evidence nor judge the credibility of witnesses. *Id.* We look only to the evidence most favorable to the State. *Id.* So long as substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the judgment. *Id.* The violation of a single condition of probation is sufficient to revoke probation. *Wilson v. State,* 708 N.E.2d 32, 34 (Ind.Ct. App.1999). In order to permit trial courts to adequately exercise their "inherent pow-

er to enforce obedience to [their] lawful orders .... judges may consider any relevant evidence bearing some substantial indicia of reliability," including reliable hearsay testimony. *Monroe v. State,* 899 N.E.2d 688, 691 (Ind.Ct.App.2009).

Wilkerson argues that the trial court's finding of a probation violation was not supported by the evidence presented by the State. Specifically, Wilkerson argues that the State did not meet its burden in proving by a preponderance of the evidence that he possessed the twenty-six grams of cocaine. Wilkerson argues that because he did not have actual possession of the cocaine, the State "was required to establish that he constructively possessed the cocaine to support the revocation of his probation," and that the State did not prove by a preponderance of the evidence that Wilkerson constructively possessed the cocaine.[1] Appellant's Brief at 6.

"A defendant is in the constructive possession of drugs when the State shows that the defendant has both (i) the intent to maintain dominion and control over the drugs and (ii) the capability to maintain dominion and control over the drugs." *Gee v. State,* 810 N.E.2d 338, 340 (Ind.2004) (citing *Lampkins v. State,* 682 N.E.2d 1268, 1275 (Ind.1997), *on reh'g,* 685 N.E.2d 698 (Ind.1997)). The capability prong may be satisfied by "proof of a possessory interest in the premises on which illegal drugs are found...." *Id.* This is so regardless of whether the possession of the premises is exclusive or not. *Id.* at 341.

With regard to the intent prong of the test, however, where a defendant's possession of the premises upon which contraband is found is not exclusive, "the inference of intent to maintain dominion and control over the drugs 'must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the controlled substances and their presence.' " *Id.* (quoting *Lampkins,* 682 N.E.2d at 1275).

In *Gee,* the Indiana Supreme Court, citing *Henderson v. State,* 715 N.E.2d 833, 836 (Ind.1999), put forth a list of "various means" by which additional circumstances have been shown:

> (1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

*Id.* (citing *Henderson,* 715 N.E.2d at 836). *Gee* makes clear, though, that:

> The listed additional circumstances identified in *Henderson* are not exclusive. Rather, the State is required to show that whatever factor or set of factors it relies upon in support of the intent prong of constructive possession, those factors or set of factors *must demon-*

---

1. Wilkerson also appears to argue that the trial court impermissibly relied upon hearsay testimony from one of the officers in determining that he had constructive possession of the cocaine. Wilkerson cites to *Reyes v. State,* 868 N.E.2d 438 (Ind.2007), *reh'g denied,* for the proposition that hearsay evidence may be considered at a probation revocation hearing only if the evidence satisfies the "substantial trustworthiness test" in determining whether substantial indicia of reliability are present. 868 N.E.2d at 441. However, we note that Wilkerson failed to object to the admission of this testimony at the hearing. Accordingly, Wilkerson waived this issue for appeal. *See Marsh v. State,* 818 N.E.2d 143, 145 (Ind.Ct. App.2004) (noting that at a probation revocation hearing, the failure to object to the admission of hearsay evidence waives the issue for appeal).

*strate the probability that the defendant was aware of the presence of the contraband and its illegal character.*

*Id.* at 344 (emphasis added).

Here, our review of the record reveals that on February 9, 2009, Wilkerson was arrested, and a search incident to that arrest produced a scale found in Wilkerson's jacket pocket that contained white residue that field tested positive for cocaine. Wilkerson was also found to have $580.00 in cash on his person. Later that day, the detectives, acting on a validly executed search warrant at Wilkerson's residence, found twenty-six grams of crack cocaine in a shoe box in a bedroom closet, as well as a .45 caliber handgun and a 9 mm rifle and loaded magazines under a mattress in the same area as the shoebox. Men's clothes and tennis shoes, as well as a mobile scanner, were also found in the house. Steve Boyd, who was the brother of the home's landlord and who was working on "fixing it up," confirmed that Wilkerson lived at the house. Transcript at 49. Shadai Jones, the home's other resident, told the officers that the cocaine and guns were not "hers and [they] had to be [Wilkerson's]." *Id.* at 48. Jones and Wilkerson had been sharing a single key to the home, and no one else would have had access to it.

Based on our review of the record, including the additional evidence linking Wilkerson to the contraband, we cannot say that the trial court erred in finding by a preponderance of the evidence that Wilkerson was in constructive possession of twenty six grams of cocaine and in revoking Wilkerson's probation based thereon. *See Monroe,* 899 N.E.2d at 693 (holding that there "was sufficient evidence of additional circumstances to support an inference that [defendant] had intent to maintain dominion and control" over the contraband).

## II.

The second issue is whether the trial court abused its discretion by ordering Wilkerson to serve his entire remaining suspended sentence. Wilkerson argues that "[i]n view of the efforts [he] was making to improve himself and the fact that he had been able to stay out of trouble for some time while on probation[,] a full revocation was an abuse of discretion." Appellant's Brief at 10. Specifically, Wilkerson argues that, based upon the facts that "[w]hile incarcerated [Wilkerson] got his G.E.D. [and] he had earned 65 hours of college credit . . . . [and] he had been on probation for 15 months before the violation was filed," the trial court abused its discretion when it ordered a full revocation of his probation. *Id.* at 9 (internal citations omitted).

Ind.Code § 35–38–2–3(g) sets forth a trial court's sentencing options if the trial court finds a probation violation. The provision provides:

If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:

(1) continue the person on probation, with or without modifying or enlarging the conditions;

(2) extend the person's probationary period for not more than one (1) year beyond the original probationary period; or

(3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind.Code § 35–38–2–3(g). Ind.Code § 35–38–2–3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options. *Prewitt v. State,* 878 N.E.2d 184, 187 (Ind.2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. *Id.* at 188 (citation omitted). The Court explained that:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Id.* An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. *Id.* (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." *Goonen v. State,* 705 N.E.2d 209, 212 (Ind. Ct.App.1999).

Here, after being ordered to serve twenty years for armed robbery on July 21, 2004, Wilkerson was initially recommended for placement in the Plainfield Correctional Facility so that he could work on attaining his G.E.D. as well as on post-secondary education. On August 13, 2007, the trial court modified his sentence to work release. Wilkerson's sentence was again modified to probation on November 5, 2007. Approximately fifteen months after being placed on probation, Wilkerson was arrested. We note that the balance of Wilkerson's arguments that the trial court abused its discretion, namely that he improved himself by attaining his G.E.D. and attending college, were actually accomplished while Wilkerson was incarcerated.

Given the circumstances, we cannot say that the trial court abused its discretion in ordering Wilkerson to serve the entire portion of his previously suspended sentence. *See Milliner v. State,* 890 N.E.2d 789, 793 (Ind.Ct.App.2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously-suspended sentence), *trans. denied; Crump v. State,* 740 N.E.2d 564, 573 (Ind.Ct.App.2000) (holding that the trial court did not abuse its discretion in reinstating the probationer's previously suspended sentence), *trans. denied.*

For the foregoing reasons, we affirm the trial court's revocation of Wilkerson's probation.

Affirmed.

MATHIAS, J., and BARNES, J., concur.