**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**L. ROSS ROWLAND**
Public Defender's Office
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RICHARD C. WEBSTER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RAVONTE L. LOVE, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1106-CR-575 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Richard A. Dailey, Judge
Cause Nos. 18C02-0911-FB-30 and 18C02-1007-FD-89

**February 8, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

Ravonte L. Love appeals the trial court's order that he serve the remainder of his previously suspended sentence following the revocation of his home detention. Love raises a single issue for our review, namely, whether the trial court abused its discretion when it ordered him to serve the remainder of his previously suspended sentence. We affirm.

## FACTS AND PROCEDURAL HISTORY

In September of 2010 Love pleaded guilty to robbery, as a Class B felony, and escape, as a Class D felony, under two different cause numbers. The trial court sentenced Love to an aggregate term of eight years suspended to home detention. In November, the State filed a motion to revoke Love's home detention, alleging that Love had twice tested positive for marijuana and that he had failed to pay more than $1000 in home detention fees. On May 19, 2011, Love admitted that he had violated the conditions of his home detention as alleged. The court revoked his home detention and ordered him to serve the remainder of his sentence in jail. This appeal ensued.

## DISCUSSION AND DECISION

Love challenges the trial court's order that he serve the remainder of his sentence following the revocation of his home detention.[1] If the court finds a violation of a condition of home detention, it may modify conditions of probation, extend probation for up to one year, or "[o]rder execution of all or part of the sentence that was suspended at the time of initial sentencing." Ind. Code § 35-38-2-3(g). We review the trial court's

---

[1] Portions of Love's brief suggest that he is also appealing the court's revocation of his home detention. Because Love admitted to the State's alleged violations, and Love does not suggest on appeal that his admissions were somehow erroneous, we do not consider that issue.

2

sanction for an abuse of discretion. See Wilkerson v. State, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009). An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id.

The totality of Love's argument is as follows:

> In the instant case, there was no rationale as to why the Defendant received a revocation and an eight (8) year sentence to prison. The Judge did comment that the use of marijuana "was extremely egregious." (Transcript at 46). However, the Court did not comment on the fact that the Defendant had a child, was young, his family would suffer without him, he was seeking help with his drug problem[,] and that he could work with his step-father. The Judge never mentioned any of these mitigating circumstances.

Appellant's Br. a 7-8.

The trial court did not abuse its discretion when it ordered Love to serve the remainder of his previously suspended sentence. Less than two weeks after the trial court imposed Love's suspended sentence, Love failed a drug test. He failed another drug test a week after the first failed test. We agree with the State that "[t]he two violations within days of sentencing prove that [Love] was either unwilling or unable to conform his behavior to the terms and conditions of home detention . . . ." Appellee's Br. at 7. Further, the trial court was under no obligation to explain why it did not find Love's proposed mitigators persuasive before revoking his home detention, and Love's argument on appeal does not persuade this court that his mitigators were worthy of credit. See, e.g., Bussberg v. State, 827 N.E.2d 37, 43 (Ind. Ct. App. 2005) (holding that the trial court is not required to explain the particular punishment for a probation violation), trans. denied. The revocation of home detention is a civil question, not a criminal one.[2] As

---

[2] For this reason, Love's references to the standard of review discussed in Anglemyer v. State, 868 N.E.2d 482 (Ind. 2007), are misplaced. We further note that Love cites Anglemyer by its docket

3

such, we affirm the trial court's order for Love to serve the remainder of his previously suspended sentence.

Affirmed.

ROBB, C.J., and VAIDIK, J., concur.

---

number rather than to the regional reporter, contrary to the requirements of our appellate rules. <u>See</u> Ind. Appellate Rule 22(A).