**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**DAVID W. STONE IV**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana



FILED

Feb 24 2012, 9:08 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| ANTOINE L. SKINNER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 48A02-1105-CR-514 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MADISON SUPERIOR COURT
The Honorable Dennis D. Carroll, Judge
Cause No. 48D01-0606-FA-169

**February 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Antoine L. Skinner appeals the revocation of his probation. He asserts the trial court abused its discretion by revoking all four years of his suspended sentence because his single sale of cocaine, for $350, to a police informant, was "a trivial violation" of probation. (Br. of Appellant at 3.) Disagreeing with that characterization, we affirm.

## FACTS AND PROCEDURAL HISTORY

The State charged Skinner with Class A felony dealing in cocaine[1] in June of 2006. He pled guilty to Class B felony dealing in cocaine and, in November of 2007, the court pronounced a twelve-year sentence, with four years suspended to probation. Skinner began serving probation in April of 2010.

On March 28, 2011, a confidential informant for the Madison County drug task force purchased $350 of cocaine from Skinner, and the State petitioned to revoke his probation. After a hearing, the court revoked all four suspended years of Skinner's original sentence.

## DISCUSSION AND DECISION

If a trial court finds, by a preponderance of the evidence, a probationer violated probation,

> the court may impose one (1) or more of the following sanctions:
> (1) Continue the person on probation, with our without modifying or enlarging the conditions.
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g). We review a trial court's selection of a sanction only for an abuse

---

[1] Ind. Code § 35-48-4-1.

of discretion because:

> Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants.

*Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009) (quoting *Prewitt v. State*, 878 N.E.2d 184, 187 (Ind. 2007)).

The State petitioned to revoke Skinner's probation because he sold cocaine, which offense is a Class A or Class B felony.[2] At the time, Skinner was serving probation for a conviction of Class B felony dealing in cocaine. He committed that offense while he was on probation for earlier convictions. This is not the first time a court revoked Skinner's probation, as courts did so in 1994 and 1996.

We note Skinner's criminal history includes nearly two-dozen convictions, about half of which are felonies. Under these circumstances, we find no abuse of discretion in the court ordering Skinner to serve the rest of his suspended sentence. *See*, *e.g.*, *Wilkerson*, 918 N.E.2d at 464 (finding no abuse of discretion in imposition of entirety of suspended sentence where court found Wilkerson possessed cocaine). Accordingly, we affirm.

Affirmed.

CRONE, J., and BROWN, J., concur.

---

[2] Ind. Code § 35-48-4-1.