**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEY FOR APPELLANT:

**RONALD K. SMITH**
Muncie, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DAVID WEST, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 18A02-1111-CR-1013 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DELAWARE CIRCUIT COURT
The Honorable Marianne L. Vorhees, Judge
Cause No. 18C01-0801-FB-7

**May 24, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BROWN, Judge**

David West appeals his sentence following the revocation of his probation. West raises two issues, which we consolidate and restate as whether the trial court abused its discretion in ordering him to serve the entirety of his previously-suspended sentence.[1] We affirm.

The relevant facts follow. In January 2008, West was charged with three counts of criminal confinement as class B felonies. West was found guilty on one of the three counts, and on July 3, 2008, he was sentenced to eight years with three years executed and the balance suspended, and he was ordered to serve five years on supervised probation. On October 6, 2010, West's probation officer filed a petition for hearing on revocation of supervised probation alleging, among other things, that West committed crimes including two counts of child exploitation as class C felonies, four counts of possession of child pornography, and three counts of performance before a minor that is harmful to minors.

On October 26, 2011, the court held a revocation hearing at which evidence was presented that in August, 2011, West had been found guilty of a crime in Delaware County of two counts of child exploitation as class C felonies and two counts of

---

[1] West also challenges the appropriateness of the sentence imposed for his probation violation under Ind. Appellate Rule 7(B). This rule provides that we "may revise a sentence authorized by statute if, after due consideration of the trial court's decision, the Court finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Prewitt v. State, 878 N.E.2d 184, 187-188 (Ind. 2007). However, the Indiana Supreme Court has held that Ind. Appellate Rule 7(B) is not the correct standard to apply when reviewing a sentence imposed for a probation violation and that our review is confined to the abuse of discretion standard which is also raised by West. See id. at 188; see also Jones v. State, 885 N.E.2d 1286, 1290 (Ind. 2008) (noting that a remedy under Ind. Appellate Rule 7(B) is not available on appeals from a probation revocation hearing); Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (noting that we do not review probation revocations under Ind. Appellate Rule 7(B) and that the court did not abuse its discretion in revoking the defendant's probation), trans. denied.

possession of child pornography as class D felonies.  The State asked the court to revoke the entirety of West's previously-suspended sentence.  At the conclusion of the hearing, the court stated:

> At this time then, as to Count 3, Attempted Criminal Confinement, a Class B felony, I really think with the time that's going to have to be served in Circuit Court No. 3 that my only option is to go ahead and execute the five (5) year suspended sentence to the Department of Corrections.  So I will find that due to the nature and circumstances of the violations, which involved two (2) Class C felony convictions and two (2) Class D felony convictions, that it would be appropriate to execute that suspended sentence to the Department of Correction.

Transcript at 11.  The court ordered that West serve his previously-suspended sentence of five years in the Department of Correction, and it granted West 418 days of credit for time served in the Delaware County Jail.

The issue is whether the court abused its discretion in ordering West to serve the entirety of his previously-suspended sentence in the Department of Correction.  West argues that the court's statement that "I really think with the time that's going to have to be served in Circuit Court No. 3 that my only option is to go ahead and execute the five (5) year suspended sentence to the Department of Corrections" was "an improper statement of the law" because Ind. Code § 35-38-2-3(g)(3) provides that the court "<u>may</u> order execution of the sentence that was suspended at the time of the initial hearing." Appellant's Brief at 6.  West argues that the court was "under the mistaken impression that it was mandatory on her part to order execution of the balance of the sentence" when "[i]n fact, execution of the sentence is not mandatory, but permissive, and is only one of several options that are available to the trial court."  <u>Id.</u>  The State argues that West

3

"adopts an unreasonably literal reading of the trial court's statement that does not consider the context in which the trial court imposed [West's] sanction." Appellee's Brief at 5.

Ind. Code § 35-38-2-3(g) sets forth a trial court's sentencing options if the trial court finds a probation violation and provides:

> If the court finds that the person has violated a condition at any time before termination of the period, the court may impose one (1) or more of the following sanctions:
>
> (1) Continue the person on probation, with or without modifying or enlarging the conditions.
>
> (2) Extend the person's probationary period for not more than one (1) year beyond the original probationary period.
>
> (3) Order execution of all or part of the sentence that was suspended at the time of initial sentencing.

Ind. Code § 35-38-2-3(g). Ind. Code § 35-38-2-3(g) permits judges to sentence offenders using any one of or any combination of the enumerated options. Prewitt v. State, 878 N.E.2d 184, 187 (Ind. 2007).

The Indiana Supreme Court has held that a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. Id. at 188. The Court explained that "[o]nce a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed" and that "[i]f this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined

to order probation to future defendants." Id. An abuse of discretion occurs where the decision is clearly against the logic and effect of the facts and circumstances. Id. (citation omitted). As long as the proper procedures have been followed in conducting a probation revocation hearing, "the trial court may order execution of a suspended sentence upon a finding of a violation by a preponderance of the evidence." Goonen v. State, 705 N.E.2d 209, 212 (Ind. Ct. App. 1999).

Here, the court heard evidence that West had recently been found guilty of four felonies including two counts of child exploitation as class C felonies and two counts of possession of child pornography as class D felonies. In ordering West to serve the previously-suspended portion of his sentence in the Department of Correction, the court noted that it expected West to receive a significant sentence on the new crimes, that it therefore believed its "only option" was to order that he serve his remaining sentence, and that this reasoning was "due to the nature and circumstances of the violations, which involved two (2) Class C felony convictions and two (2) Class D felony convictions . . . ." Transcript at 11. The court's statements at sentencing merely reflected its view of the severity of the violations involved and the practical implication of West's situation. If the court had continued West on probation the probation would not be served until the completion of the potentially lengthy executed sentence in the Delaware County case. Further, West's convictions for child exploitation and child pornography while on probation demonstrate that probation is not deterring his criminal activity. The court accordingly concluded that West serving the previously-suspended portion of his sentence was warranted.

Given the circumstances, we cannot say that the court abused its discretion in ordering West to serve his entire previously-suspended sentence. See Wilkerson v. State, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009) (holding that the court did not abuse its discretion in ordering probationer to serve the balance of his previously-suspended sentence in the Department of Correction); Milliner v. State, 890 N.E.2d 789, 793 (Ind. Ct. App. 2008) (holding that the trial court did not abuse its discretion in reinstating the probationer's entire previously-suspended sentence), trans. denied.

For the foregoing reasons, we affirm the trial court's order that West serve his entire previously-suspended sentence in the Department of Correction.

Affirmed.

BAKER, J., and KIRSCH, J., concur.