**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**SAMANTHA M. JOSLYN**
Rensselaer, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**ERIC P. BABBS**
Deputy Attorney General
Indianapolis, Indiana

FILED

Aug 14 2012, 9:22 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| RICHARD D. BORING, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 37A04-1201-CR-10 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE JASPER SUPERIOR COURT
The Honorable Robert M. Hall, Senior Judge
Cause No. 37D01-0710-FD-200 & 37D01-0710-FD-202

**August 14, 2012**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Defendant, Richard D. Boring (Boring), appeals his sentence following the trial court's revocation of his probation.

We affirm.

## ISSUE

Boring raises one issue on appeal, which we restate as follows: Whether the trial court abused its discretion when it ordered him to serve his previously suspended sentence following the violation of his probation.

## FACTS AND PROCEDURAL HISTORY

On October 3, 2007, the State filed an Information under Cause Number 37D01-0710-FD-200 (Cause FD-200) charging Boring with Count I, operating a vehicle while intoxicated, a Class D felony; Count II, operating a vehicle with an ACE of 0.08 or more, a Class D felony; Count III, operating a vehicle as an habitual traffic violator, a Class D felony; and Count IV, being an habitual substance offender. On March 31, 2008, Boring pled guilty to Counts I and III pursuant to a plea agreement in which the State dismissed Counts II and IV. On April 30, 2008, the trial court held a sentencing hearing and sentenced Boring to three years in the Indiana Department of Correction (IDOC) for Count I, with one and one-half years suspended to probation, and three years for Count III, with one year suspended to probation. The trial court also ordered Count III to be served consecutively to Count I.

2

That same day, Boring pled guilty to an additional charge of harassment as a Class B misdemeanor in Cause Number 37D01-0710-FD-202 (Cause FD-202). The trial court sentenced Boring to 180 days of probation in Cause FD-202, to be served consecutively to his sentences in Cause FD-200.

In 2010, Boring was released from incarceration and began his probation. On September 6, 2011, while Boring was still on probation, the State filed an Information charging him with residential entry as a Class D felony and criminal trespass as a Class A misdemeanor in Cause Number 37D01-1109-FD-000881 (Cause FD-881). As a result of these charges, on September 19, 2011, the State filed a petition to revoke Boring's probation in Causes FD-200 and FD-202. Subsequently, on September 30, 2011, the State filed an Information charging Boring with resisting law enforcement as a Class A misdemeanor and public intoxication as a Class B misdemeanor in Cause Number 37D01-1109-CM-000977 (Cause CM-977). On October 13, 2011, the State filed a second petition to revoke Boring's probation in Causes FD-200 and FD-202 as a result of these additional charges.

On November 14, 2011, Boring entered into a plea agreement with the State, pursuant to which he pled guilty to the resisting law enforcement charge in Cause CM-977 and the two probation violations in Causes FD-200 and FD-202. In exchange, the State dismissed the remaining Counts in Causes FD-881 and CM-977 against him, agreed to a sentence of six months for the resisting law enforcement charge, and left the sentencing on his probation revocations to the trial court's discretion. The State

3

specified, though, that the sentence for Boring's probation violations was to be served consecutively to his sentence for resisting law enforcement. On December 12, 2011, the trial court held a sentencing hearing. At the hearing, the trial court accepted Boring's admissions as to his probation violations and ordered him to serve the entirety of his previously suspended sentences of two and one-half years for Cause FD-200 and 180 days for Cause FD-202.

Boring now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Boring argues that the trial court abused its discretion when it sentenced him to serve his previously suspended sentences in the IDOC instead of in an in-patient, residential treatment program. At his sentencing hearing, witnesses testified on Boring's behalf that he was addicted to alcohol, but dedicated to changing himself and receiving treatment. Boring also testified that many of his past offenses were related to alcohol abuse and that he had been accepted for treatment for this substance abuse at two facilities—the Moraine House in Valparaiso and Lighthouse Recovery in Monticello. Nevertheless, the trial court ordered Boring to serve his previously suspended sentences in the IDOC, noting that his criminal history was excessive. In light of his own testimony and the testimony of his witnesses, Boring now claims that the trial court improperly considered his criminal history and should have instead accounted for his change of character and his dedication to receiving treatment and allowed him to enter the treatment programs.

4

Preliminarily, we note that Boring does not dispute his probation violations. Ind. Code § 35-38-2-3(g) sets forth a trial court's sentencing options if the trial court finds a probation violation. It provides:

> If the court finds that the person has violated a condition at any time before termination of the period, and the petition to revoke is filed within the probationary period, the court may:
> (1) continue the person on probation, with or without modifying or enlarging the conditions;
> (2) extend the person's probationary period for not more than one year beyond the original probationary period; or
> (3) order execution of all or part of the sentence that was suspended at the time of initial sentencing.

I.C. § 35-38-2-3(g). Under this provision, the trial court may sentence offenders using any one of or any combination of the enumerated options. *Wilkerson v. State,* 918 N.E.2d 458, 463 (Ind. Ct. App. 2009).

We have previously noted that probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled. *Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007). Accordingly, a trial court's sentencing decision for probation violations are reviewable using the abuse of discretion standard. *Id.* at 187. We will find that a trial court has abused its discretion where its decision is clearly against the logic and effect of the facts and circumstances of the case. *Id.* at 188. As long as the proper procedures have been followed in conducting a probation revocation hearing, the trial court may order execution of a suspended sentence upon finding a violation by a preponderance of the evidence. *Wilkerson,* 918 N.E.2d at 464.

5

Here, Boring seems to argue that his sentence was inappropriate in light of the nature of his offense and his character, as is our standard of review under Ind. Appellate Rule 7(B). However, we have previously held that the appropriateness standard of Rule 7(B) does not apply to probation revocation proceedings. *Id.* Accordingly, we will look solely to whether the trial court abused its discretion in sentencing Boring.

While we acknowledge that Boring presented several witnesses who testified on his behalf that his character had changed and that he was dedicated to receiving treatment for his alcohol addiction, we cannot conclude that the trial court abused its discretion. First, we find it significant that Boring was offered treatment in the past and that it was ultimately proven to be unsuccessful. At the sentencing hearing, Boring testified that the instant proceeding was the first time he had ever admitted to his problem with alcohol. In response, the State quoted from a presentence investigation report from one of his prior convictions in which it was recorded that he had stated "I know I need some treatment. I would be willing to do anything. Just look, all my arrests are alcohol related. Obviously jail is not working." (Transcript p. 24). Boring subsequently admitted that he had previously participated in a six month in-patient therapeutic program, which had been unsuccessful.

Further, we also find it significant that Boring's criminal history is extensive. Boring has had nine misdemeanor convictions and twelve felony convictions. In light of this criminal history and Boring's unsuccessful past participation in treatment, we

conclude that the trial court did not abuse its discretion in ordering Boring to serve his previously suspended sentences following his probation violations.

## CONCLUSION

Based on the foregoing, we conclude that the trial court did not abuse its discretion in ordering Boring to serve his previously suspended sentences following his violation of his probation.

Affirmed.

BAILEY, J. and CRONE, J. concur

7