Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED
Jul 29 2014, 6:15 am
CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**JEFFREY E. STRATMAN**
Aurora, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**CYNTHIA L. PLOUGHE**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHARLES GAYLOR, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 15A01-1312-CR-520 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE DEARBORN SUPERIOR COURT
The Honorable Jonathan N. Cleary, Judge
Cause No. 15D01-0602-FA-1

**July 29, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**GARRARD, Senior Judge**

Charles Gaylor appeals the sentence the trial court imposed upon him after he admitted to violating the terms of his probation. We affirm.

In 2005, as the result of a plea agreement, Gaylor was sentenced to twenty years, with twelve years suspended, for a class B felony of attempting to manufacture methamphetamine.

In 2012 he was charged with a probation violation. At the time he was living in Dalton, Georgia. He had refused to submit to a drug test and was charged and convicted in Georgia with four offenses of dealing in a controlled substance.

In the probation revocation proceeding Gaylor admitted the violations. Disposition was left open for the court. The court revoked ten years of Gaylor's suspended sentence and provided that probation would terminate at the conclusion of the ten year sentence.

Gaylor contends on appeal that the sentence was an abuse of discretion. The State argues on cross-appeal that this appeal is untimely. We disagree and address Gaylor's claim.

Initially, we note that Indiana Appellate Rule 7(B) does not apply to a sentence imposed for a probation violation. *Prewitt v. State*, 878 N.E.2d 184, 187-88 (Ind. 2007). As the *Prewitt* court went on to state:

> Probation is a matter of grace left to trial court discretion . . . the judge should have considerable leeway in deciding how to proceed. . . . Accordingly, a trial court's sentencing decisions for probation violations are reviewable using the abuse of discretion standard. An abuse of discretion occurs where the decision is *clearly against the logic and effect of the facts and circumstances.*"

*Id.* at 188 (emphasis added, internal citations omitted); *see also Wilkerson v. State*, 918 N.E.2d 458, 464 (Ind. Ct. App. 2009).

Here the court considered Gaylor's prior offenses and the nature of the violations in imposing sentence. He violated the terms of probation in two previous cases. Even though Gaylor produced some evidence of his attempt to effect his rehabilitation, we cannot say that the court's decision was *clearly* against the logic and effect of the facts and circumstances before the court.

Affirmed.

VAIDIK, C.J., and BARNES, J., concur.