## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this
Memorandum Decision shall not be regarded as
precedent or cited before any court except for the
purpose of establishing the defense of res judicata,
collateral estoppel, or the law of the case.



FILED

Mar 15 2017, 6:14 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

William Byer, Jr.
Byer & Byer
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Monika Prekopa Talbot
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Maurice E. Hilliard,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

March 15, 2017

Court of Appeals Case No.
48A05-1609-CR-2087

Appeal from the Madison Circuit
Court.
The Honorable David A. Happe,
Judge.
Cause No. 48C04-1509-F5-1457

## Friedlander, Senior Judge

[1] Maurice E. Hilliard appeals the revocation of his probation and placement on home detention. We affirm.

[2] The State charged Hilliard with two counts of intimidation with a deadly weapon, both Level 5 felonies. The parties executed a plea agreement.

Pursuant to the agreement, Hilliard agreed to plead guilty to two counts of intimidation, both Class A misdemeanors, and the parties would be free to argue the sentence to the trial court. The court sentenced Hilliard to one year on each conviction, to be served consecutively. The court further suspended Hilliard's sentence and ordered him to serve his suspended sentence on home detention through the Madison County Community Corrections Program.

[3]     On February 8, 2016, the State filed a notice of violation, alleging Hilliard violated the terms of the home detention program. On July 26, 2016, the State amended its notice to allege that Hilliard committed two violations. In paragraph 3A, the State restated its allegation that Hilliard violated the terms of the home detention program. In paragraph 3B, the State alleged Hilliard committed a new offense, battery with a deadly weapon, on April 30, 2016.

[4]     The trial court held an evidentiary hearing, after which the court concluded Hilliard violated the terms of probation "as alleged in paragraph 3B." Tr. p. 28. The court made no findings as to the violations alleged in paragraph 3A.[1] The court ordered Hilliard to serve his previously-suspended two-year sentence in the Madison County Detention Center. This appeal followed.

---

[1] In its order, the trial court reversed its findings, stating "The Court now finds defendant has violated the conditions of his probation as alleged under 3A. No violation found under 3B." Appellant's App. p. 51. We consider the trial court's statement during the evidentiary hearing to be the accurate description of the court's ruling.

[5] Hilliard raises one issue, which we restate as: whether the trial court erred in admitting evidence during the revocation hearing. Hilliard argues the trial court's determination that he violated the terms of probation is based solely on inadmissible hearsay. The State responds that the trial court properly considered the hearsay evidence in determining Hilliard committed a new offense.

[6] The admission of evidence is within the trial court's discretion and its decisions are reviewed only for an abuse of that discretion. *Holmes v. State*, 923 N.E.2d 479 (Ind. Ct. App. 2010). An abuse of discretion occurs if a decision is clearly against the logic and effect of the facts and circumstances before the court or if the court has misinterpreted the law. *Id.*

[7] When considering the admissibility of evidence in a probation revocation proceeding, it is useful to remember a defendant is not entitled to serve a sentence on probation or in a community corrections program. *Monroe v. State*, 899 N.E.2d 688 (Ind. Ct. App. 2009). Placement in such a program is a conditional liberty and is a favor, not a right. *Id.* (quotation omitted). As a result, the due process right applicable in probation revocation hearings allows for procedures that are more flexible than in a criminal prosecution. *Reyes v. State*, 868 N.E.2d 438 (Ind. 2007). Such flexibility allows courts to enforce lawful orders, address an offender's personal circumstances, and protect public safety, sometimes within limited time periods. *Id.* Within this framework, courts may admit evidence during probation revocation hearings that would not be permitted in a formal criminal trial. *Id.*

[8]     The Indiana Rules of Evidence, which govern hearsay, do not apply in proceedings relating to sentencing or probation. Ind. Evid. R. 101(d)(2). Even so, principles of due process require some limits on the admissibility of hearsay in probation revocation hearings. *Reyes*, 868 N.E.2d 438. The Indiana Supreme Court has determined that when a court holding a probation revocation hearing receives hearsay evidence, it must assess the evidence's reliability and may admit it as evidence only if it has "substantial guarantees of trustworthiness." *Id.* at 441. Ideally, the trial court will explain on the record why the hearsay is reliable and substantial enough to supply good cause for not producing a witness. *Id.* at 442 (quotation omitted).

[9]     In the current case, the State's sole witness at the probation revocation hearing was Detective Clifford Cole of the Anderson Police Department. He testified about his discussions with various witnesses as he investigated a stabbing that Hilliard allegedly committed on April 30, 2016, during his term of probation. The alleged victim, Dylon Bricker, was present at the hearing but the prosecutor was reluctant to call him, stating "I don't need to put [Bricker] unwarrantedly through a hearing." Tr. p. 14. Hilliard objected to Detective Cole describing what others told him during the investigation. The trial court stated, "I've found in other cases, and I would find in this case, the statements made to a law enforcement officer, being subject to penalties for false reporting, that's by itself, indicia of reliability, which is sufficient." Tr. p. 15.

[10]    As a result, Detective Cole testified about his discussions with witnesses during his investigation. He spoke with Bricker and prepared a photo lineup

containing Hilliard's picture. Bricker pointed to Hilliard's photo, identifying him as the person who attacked him. The trial court correctly noted Bricker's identification of Hilliard, if false, potentially subjected Bricker to criminal liability for false informing. *See* Ind. Code § 35-44.1-2-3(d) (2016) ("A person who . . . gives a false report of the commission of a crime or gives false information in the official investigation of the commission of a crime, knowing the report or information to be false . . . commits false informing, a Class B misdemeanor."). The possibility of prosecution for lying provides a substantial guarantee of trustworthiness.

[11] Similarly, Detective Cole testified that he interviewed Tayler Beemer, who identified Hilliard in the same photo array as a person he saw leaving the scene of the stabbing. Finally, Shane Hollowell and Tony Buchan both told Detective Cole that on April 30, 2016, prior to the stabbing, they had separately encountered an angry man who challenged them to fight. Both of them separately identified Hilliard in the photo array as the man who confronted them. These three witnesses' statements to Detective Cole were provided in the course of a criminal investigation, and they were subject to criminal liability for any falsehoods. As a result, their statements also had a substantial guarantee of trustworthiness and the trial court did not err in admitting them. *See Wilkerson v. State*, 918 N.E.2d 458 (Ind. Ct. App. 2009) (evidence, including hearsay evidence consisting of witness statements to police officer, sufficient to support revocation).

[12] Detective Cole told the court about his conversation with other officers who were dispatched to the scene of the stabbing, interviewed Bricker, and described their interview to the detective. Detective Cole further testified that he spoke with Bricker's mother, who told him "she had heard from subjects on the street that a possible suspect's name was Maurice Hilliard." Tr. p. 17. The statements by the officers and Bricker's mother to Detective Cole about what other persons told them appear to be hearsay within hearsay, which may be less reliable. In any event, even if Detective Cole's testimony about what the officers and Bricker's mother told him should not have been admitted, the erroneous admission of hearsay is not grounds for reversal where it is merely cumulative of other evidence. *Sutton v. State*, 689 N.E.2d 452 (Ind. Ct. App. 1997). This evidence is cumulative of Detective Cole's testimony about Bricker, Beemer, Hollowell, and Buchan's identifications of Hilliard. The trial court did not abuse its discretion in admitting evidence.

[13] For the reasons stated above, we affirm the judgment of the trial court.

[14] Judgment affirmed.

Baker, J., and Robb, J., concur.