## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jun 01 2020, 8:51 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Brandon E. Murphy
Cannon Bruns & Murphy LLC
Muncie, Indiana

ATTORNEY FOR APPELLEE

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Damon L. Rice,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 1, 2020<br><br>Court of Appeals Case No.<br>19A-CR-2748<br><br>Appeal from the Delaware Circuit Court<br><br>The Honorable Thomas A. Cannon, Jr., Judge<br><br>Trial Court Cause No.<br>18C05-1708-F5-115 |

**Shepard, Senior Judge.**

[1]     Damon Rice appeals the trial court's revocation of his home detention placement and imposition of his entire previously suspended sentence. We affirm.

# Facts and Procedural History

In August 2017, the State charged Rice with aiding, inducing, or causing dealing in methamphetamine, a Level 5 felony.[1] In a plea agreement that resolved both this charge and charges in four other causes, Rice pleaded to the Level 5 felony. On July 9, 2019, the court sentenced him to three years, suspended to a direct commitment to electronic home detention, and ordered him to arrange for monitoring within thirty days and to report daily to community corrections in the meantime.

Shortly thereafter on August 22, the State petitioned to revoke Rice's home detention placement for his alleged failure to comply with its terms. After a hearing, the court revoked Rice's placement and imposed his entire previously suspended sentence.

# Issues

Rice presents two issues on appeal:

> I.   Whether the State presented sufficient evidence to support the revocation of Rice's placement in home detention; and
>
> II.  Whether the court abused its discretion by imposing the entirety of Rice's suspended sentence.

---

[1] Ind. Code §§ 35-41-2-4 (1977), 35-48-4-1.1 (2017).

# Discussion and Decision

## I. Sufficiency of the Evidence

[5] Rice challenges the sufficiency of the evidence supporting revocation of his placement, contending that the State's evidence showed mere technical violations. We treat a hearing on a petition to revoke a placement in a community corrections program the same as we do a hearing on a petition to revoke probation. *Cox v. State*, 706 N.E.2d 547 (Ind. 1999). The State need prove an alleged violation only by a preponderance, and we will consider the evidence supporting the judgment without reweighing it or judging the credibility of the witnesses. *Monroe v. State*, 899 N.E.2d 688 (Ind. Ct. App. 2009). If there is substantial evidence of probative value to support the judgment, we will affirm the court's decision to revoke. *Id.*

[6] The State alleged that Rice violated his home detention by (1) failing to report daily, (2) failing to be placed on home detention, and (3) being charged with new offenses. At the fact-finding hearing, the supervisor of home detention testified in support of the State's allegations. Rice, himself, admitted that he had not reported daily while awaiting placement, was never placed on home detention, and was charged with three new offenses. The court determined that Rice had violated the terms of his home detention as set forth in the first two of the State's three allegations, making no reference to the third.

[7] Contrary to Rice's assertions, his failure to perform over and over again the very things the court required him to do to keep himself out of prison is not a

technical violation. *Cf. Johnson v. State*, 62 N.E.3d 1224 (Ind. Ct. App. 2016) (in attempting to comply with rules of his probation, probationer committed minor, technical violations by leaving confines of apartment but not leaving apartment building and leaving several hours early for authorized errand). The State's evidence of Rice's violations was sufficient to support the court's revocation.

## II. Sentence

Next, Rice asserts the court abused its discretion when, in revoking his home detention, it ordered him to serve the entirety of his suspended three-year sentence.

Like probation, Rice's home detention placement, is a matter of grace, not a right to which he is entitled. *See Sanders v. State*, 825 N.E.2d 952 (Ind. Ct. App. 2005), *trans. denied*. Once a trial court has exercised its grace by ordering home detention, the judge should have considerable leeway in deciding how to proceed. *See Prewitt v. State*, 878 N.E.2d 184 (Ind. 2007). Accordingly, a trial court's sentencing decisions for home detention violations are reviewed for abuse of discretion. *See Wilkerson v. State*, 918 N.E.2d 458 (Ind. Ct. App. 2009). An abuse of discretion occurs when the decision is clearly against the logic and effect of the facts and circumstances. *Prewitt*, 878 N.E.2d 184.

The court extended considerable leniency to Rice by allowing him to be placed on home detention in the first place. The plea agreement that resolved this charge also resolved four other causes that involved felony identity deception and possession of methamphetamine, and misdemeanor possession of

marijuana and possession of paraphernalia; misdemeanor possession of paraphernalia and resisting law enforcement, and felony possession of meth; felony resisting and possession of meth, and misdemeanor reckless driving; and felony criminal recklessness and pointing a firearm. In two of these causes, Rice had violated terms of his pretrial home detention and committed new offenses while out on bond.

[11] When sentencing Rice to the balance of his previously suspended sentence, the court stated, "your actions don't give me reason to [ ] believe or be convinced that you are ever going to follow any rules that [ ] don't suit your own agenda." Tr. Vol II, p. 26. Indeed, Rice has demonstrated his need for a more stringent penalty by his unwillingness to accept limits on his behavior in lieu of imprisonment. We cannot say the court's decision that Rice serve his entire previously suspended sentence is clearly against the logic and effect of the facts and circumstances of this case.

# Conclusion

[12] We conclude the State presented sufficient evidence to support the revocation of Rice's placement in home detention, and the court did not abuse its discretion by imposing the entirety of Rice's suspended sentence.

[13] Affirmed.

Najam, J., and Riley, J., concur.