## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 26 2020, 8:44 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

David W. Stone IV
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald A. Everling,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

October 26, 2020

Court of Appeals Case No.
20A-CR-930

Appeal from the Madison Circuit Court

The Honorable Mark K. Dudley, Judge

Trial Court Cause No.
48C06-1807-F2-1914

**Najam, Judge.**

## Statement of the Case

Donald A. Everling appeals his conviction for possession of paraphernalia, as a Class C misdemeanor, and his sentence. Everling does not appeal his conviction for dealing in methamphetamine, as a Level 2 felony, or his adjudication as a habitual offender. He raises the following two issues for our review:

1. Whether the State presented sufficient evidence to support his conviction.

2. Whether his sentence is inappropriate in light of the nature of the offenses and his character.

We affirm.

## Facts and Procedural History

While Everling was on probation in another cause number, officers searched his residence. There, they discovered about fourteen grams of methamphetamine in a safe; aluminum foil holding additional methamphetamine in the oven; hollowed-out pens; multiple glass smoking devices; two digital scales; and a syringe containing an unknown substance. Officers also retrieved security footage from inside the home that showed Everling smoking apparent methamphetamine and accessing the safe.

The State charged Everling in relevant part with dealing in methamphetamine, as a Level 2 felony; possession of paraphernalia, as a Class C misdemeanor; and being a habitual offender. A jury found Everling guilty on each of those

allegations. After a sentencing hearing, the court found the following aggravators: "1) criminal history; 2) multiple counts; 3) on probation at the time the instant offense[s were] committed; 4) repeat behavior; 5) in need of services best provided by the DOC; and 6) lack of initiative to address ongoing substance abuse problem." Appellant's App. Vol. II at 29. The court found no mitigators. The court then sentenced Everling to an aggregate term of forty-one and one-half years incarceration. This appeal ensued.

## Discussion and Decision

### Issue One: Sufficient Evidence

[5] On appeal, Everling first asserts that the State failed to present sufficient evidence to show that he committed possession of paraphernalia, as a Class C misdemeanor. According to Everling, his girlfriend also lived at his residence, and the State failed to show that the contraband was his and not hers.

[6] As we have explained:

> In order to prove constructive possession of [contraband], the State must show that the defendant has both: (1) the intent to maintain dominion and control over the [contraband]; and (2) the capability to maintain dominion and control over the [contraband]. *Wilkerson v. State*, 918 N.E.2d 458, 462 (Ind. Ct. App. 2009) (emphasis added) (quoting *Gee v. State*, 810 N.E.2d 338, 340 (Ind. 2004)). "The capability prong may be satisfied by 'proof of a possessory interest in the premises in which [the contraband is] found.'" *Monroe v. State*, 899 N.E.2d 688, 692 (Ind. Ct. App. 2009) (citing *Gee*, 810 N.E.2d at 340). "This is so regardless of whether the possession of the premises is exclusive or not." *Id.* . . .

With regard to the intent prong of the test, where, as here, a defendant's possession of the premises upon which contraband is found is not exclusive, the inference of intent to maintain dominion and control over the [contraband] must be supported by additional circumstances pointing to the defendant's knowledge of the nature of the [contraband] and [its] presence. *Id.* (citing *Gee*, 810 N.E.2d at 341). Those additional circumstances include:

(1) incriminating statements made by the defendant, (2) attempted flight or furtive gestures, (3) location of substances like drugs in settings that suggest manufacturing, (4) proximity of the contraband to the defendant, (5) location of the contraband within the defendant's plain view, and (6) the mingling of the contraband with other items owned by the defendant.

*Wilkerson*, 918 N.E.2d at 462.

*Houston v. State*, 997 N.E.2d 407, 410 (Ind. Ct. App. 2013). In addition to the above six circumstances, we have also recognized that the nature of the place in which the contraband is found can be an additional circumstance that demonstrates the defendant's knowledge of the contraband. *E.g.*, *Carnes v. State*, 480 N.E.2d 581, 587 (Ind. Ct. App. 1985), *trans. denied*. Those enumerated circumstances are nonexhaustive; ultimately, our question is whether a reasonable fact-finder could conclude from the evidence that the defendant knew of the nature and presence of the contraband. *Johnson v. State*, 59 N.E.3d 1071, 1073 (Ind. Ct. App. 2016).

Here, a reasonable fact-finder could readily conclude that Everling knew of the nature and presence of the paraphernalia found inside his residence.[1] The State's evidence included video recordings of him accessing the safe where the fourteen grams of methamphetamine were located. Those video recordings also showed him smoking methamphetamine in a piece of aluminum foil, and the State seized aluminum foil holding methamphetamine from inside the stove. And Everling's girlfriend testified that he kept most of his possessions in the living room and slept on the couch there; hollowed-out pens and several glass smoking devices were discovered near the living room couch. Accordingly, the State presented sufficient evidence from which the fact-finder could conclude that Everling was guilty of possession of paraphernalia, as a Class C misdemeanor.

### Issue Two: Sentence

Everling also argues that his aggregate sentence of forty-one and one-half years is inappropriate in light of the nature of the offenses and his character. As our Supreme Court has made clear:

> The Indiana Constitution authorizes appellate review and revision of a trial court's sentencing decision. Ind. Const. art. 7, §§ 4, 6; *Serino v. State*, 798 N.E.2d 852, 856 (Ind. 2003). This authority is implemented through Indiana Appellate Rule 7(B), which permits an appellate court to revise a sentence if, after due consideration of the trial court's decision, the sentence is found to

---

[1] There is no dispute that Everling had a possessory interest in his own residence.

be inappropriate in light of the nature of the offense and the character of the offender. *Serino*, 798 N.E.2d at 856. The principal role of such review is to attempt to leaven the outliers. *Cardwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). The burden is on the defendant to persuade the reviewing court that the sentence is inappropriate. *Bowman v. State*, 51 N.E.3d 1174, 1181 (Ind. 2016).

*Robinson v. State*, 91 N.E.3d 574, 577 (Ind. 2018) (per curiam).

[9] Further:

Indiana Appellate Rule 7(B) is a "rare" avenue for appellate relief that is reserved "for exceptional cases." *Livingston v. State*, 113 N.E.3d 611, 612-13 (Ind. 2018) (per curiam). Even with Rule 7(B), "[s]entencing is principally a discretionary function in which the trial court's judgment should receive considerable deference." *Stephenson v. State*, 29 N.E.3d 111, 122 (Ind. 2015) (quoting *Cardwell*, 895 N.E.2d at 1222). "Such deference should prevail unless overcome by compelling evidence portraying in a positive light the nature of the offense (such as accompanied by restraint, regard, and lack of brutality) and the defendant's character (such as substantial virtuous traits or persistent examples of good character)." *Id.* Absent such a "sufficiently compelling" evidentiary basis, we will not "override the decision of the . . . trial court." *Id.*

*Sorenson v. State*, 133 N.E.3d 717, 728 (Ind. Ct. App. 2019) (alteration and omission original to *Sorenson*), *trans. denied*.

[10] Aside from the Class C misdemeanor conviction, the jury found Everling guilty of a Level 2 felony and for being a habitual offender. A Level 2 felony carries a sentence between ten and thirty years, with an advisory sentence of seventeen

and one-half years. Ind. Code § 35-50-2-4.5 (2020). The habitual offender adjudication carries an additional term of six to twenty years. I.C. § 35-50-2-8(i)(1). The court sentenced Everling to twenty-five years on the Level 2 felony, enhanced by an additional sixteen and one-half years for being a habitual offender.

[11] Everling does not meet the burden on appeal of showing that his sentence is inappropriate. He acknowledges his substantial criminal history, which includes fifteen prior felony convictions and twelve prior misdemeanor convictions. He also committed the instant offenses while on probation in another cause. He presents no evidence that we are obliged to credit that "portray[s] in a positive light the nature of the offense (such as accompanied by restraint, regard, and a lack of brutality)" or his character, such as "substantial virtuous traits or persistent examples of good character." *Stephenson*, 29 N.E.3d at 122. Accordingly, we cannot say that his aggregate sentence is inappropriate, and we affirm his sentence.

[12] Affirmed.

Bradford, C.J., and Mathias, J., concur.