Marquita D. BRAXTON, Appellant–Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A04–9311–CR–425.

Court of Appeals of Indiana, Fourth District.

Sept. 28, 1994.

William Byer, Jr., Byer & Byer, Anderson, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire Smith, Deputy Atty. Gen., Office of Atty. Gen., Indianapolis, for appellee.

CHEZEM, Presiding Judge, on petition for rehearing.

In its petition for rehearing, the State asserts that we erred in our decision that Marquita Braxton was denied due process because she was not provided with written notice that the State sought to have her probation revoked. The State argues that we erred by "materially misstat[ing] the record of proceedings by finding that it contains only a petition for home detention and not a petition for revocation of probation alleging a violation of probation." In support of this argument, the State directs us to pages 96 and 97 of the record, stating that "[t]he Violation of Suspended Sentence pleading asked for a revocation of [Braxton's] probation and alleged five violations of the conditions of probation." The Violation of Suspended Sentence reads as follows:

To: Marquita D. Braxton

Before THE HONORABLE THOMAS NEWMAN, JR.

You are hereby notified as follows:

1. That on June 15, 1992, in Madison Superior Court, Division III, you were found guilty of Dealing in Cocaine, a Class B Felony in Cause Nos. 48D03–9109–CF–130, 48D03–9109–CF–133, and 48D03–9011–CF–171;

2. That sentence of 13 years of the 15–year sentence to the Indiana Department of Correction was suspended, upon condition that you obey certain specific terms of that suspended sentence;

3. That you violated those conditions as follows:

a) Not to violate the laws of Indiana or the U.S.: On/about July 13, 1993, the defendant committed the criminal offenses of Disorderly Conduct and Possession of Marijuana;

b) Comply with recommendation of treatment facility;

c) Complete therapy ordered;

d) Failure to abstain from alcohol/illicit drugs: On/about July 13, 1993, defendant submitted to a urinalysis, which tested positive for marijuana;

e) Failure to comply with specific order of sentencing: On/about June 20, 1993, and June 29, 1993, defendant violated conditions of in-home detention by forcibly removing B.I. Monitoring ankle and transmitter from her person;

Therefore, the Probation Department recommends to the Court that:

A Summons to issue for defendant probationer to appear in court, and an initial hearing on said violation be held.

As we held in our original opinion, before Braxton's probation may be revoked, due process demands that she first be given written notice of the alleged violations of probation and what action the state is requesting the court to take in response to the violation. *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 148, *cert. denied* — U.S. —, 113 S.Ct. 2373, 124 L.Ed.2d 278. Contrary to the State's assertion, the document titled "Violation of Suspended Sentence" does not tell Braxton that the state is seeking to revoke probation or impose the suspended sentence. Due process requires the state to tell a defendant in plain language that the state wants to revoke the probation or impose a suspended sentence.

The petition for rehearing is denied.

RILEY and ROBERTSON, JJ., concurring.