**Marquita D. BRAXTON, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 48S04–9506–CR–625.

Supreme Court of Indiana.

June 5, 1995.

Rehearing Denied Oct. 13, 1995.

William Byer, Jr., Byer & Byer, Anderson, for appellant.

Pamela Carter, Atty. Gen., Deana McIntire Smith, Deputy Atty. Gen., Indianapolis, for appellee.

## ON PETITION TO TRANSFER

SULLIVAN, Justice.

This case comes to us on the State's petition to transfer the decision of the Court of Appeals in *Braxton v. State* (1994), Ind.App., 638 N.E.2d 440, 441, *reh'g denied,* 640 N.E.2d 726. In that decision, the Court of Appeals reversed the trial court's revocation of Marquita Braxton's probation because, it said, Braxton was denied due process in that she was not informed that her home detention was a condition of probation, that she had violated a condition of probation, or that the State was seeking to have her probation revoked. *Id.* at 441.

*Facts*

On June 15, 1992, Marquita Braxton pleaded guilty to three counts of Dealing in Cocaine [1] in Madison Superior Court. Under a plea agreement, the trial court sentenced Braxton to 15 years in the Custody of the Indiana Department of Corrections. The trial court ordered that she serve one year of the sentence at the Madison County Detention Center, one year in home detention, and that she be placed on probation for 13 years.

Braxton served the prison term and was released to home detention on January 12, 1993. On July 13, 1993, a warrant issued alleging that Braxton had violated the conditions of her home detention by tampering with a monitoring device.

On August 5, a notice of Violation of Suspended Sentence was filed. At a hearing on August 16, county officers testified that Braxton had tampered with the home detention monitoring device attached to her ankle and that after she had been arrested on the July warrant, she refused to cooperate, was belligerent, loud, and argumentative. Consequently, Braxton was arrested additionally for Disorderly Conduct.[2]

Police took an inventory of Braxton's purse as part of the booking process, and they found part of a marijuana cigarette. Braxton was then also charged with Possession of Marijuana.[3] Braxton also was required to provide a urine specimen; it tested positive for the presence of T.H.C., the pyschoactive chemical in marijuana.

The trial court found that Braxton had violated the conditions of her probation and home detention by tampering with her home monitoring device, by failing to submit to the recommended drug treatment, by possessing and using marijuana, and by being arrested for disorderly conduct; it sentenced Braxton to 13 years in prison.

The Court of Appeals reversed the trial court's revocation on due process grounds. Braxton also argues on appeal that the evidence presented by the State was insufficient to support revocation of her probation.

**I**

■ "The Due Process Clause of the Fourteenth Amendment imposes procedural and substantive limits on the revocation of the conditional liberty created by probation." *Black v. Romano*, 471 U.S. 606, 610, 105 S.Ct. 2254, 2257, 85 L.Ed.2d 636 (1985) (citing *Bearden v. Georgia*, 461 U.S. 660, 666 n. 7, 103 S.Ct. 2064, 2069 n. 7, 76 L.Ed.2d 221 (1983)); *accord, Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1759–60, 36 L.Ed.2d 656 (1973); *Isaac v. State* (1992), Ind., 605 N.E.2d 144, 148, *cert. denied,* ——U.S. ——, 113 S.Ct. 2373, 124 L.Ed.2d 278 (1993). This case involves the procedural limits placed by the Due Process Clause on the revocation of probation. Among the due process rights to be accorded a probationer is written notice of the claimed probation violations. *Romano*, 471 U.S. at 612, 105 S.Ct. at 2258; *Scarpelli*, 411 U.S. at 786, 93 S.Ct. at 1761–62 (quoting *Morrissey v. Brewer*, 408 U.S. 471, 489, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484 (1972) (applying due process limitations to the revocation of parole)); *Isaac*, 605 N.E.2d at 148; *Bryce v. State* (1989), Ind.App., 545 N.E.2d 1094, 1096, *trans. denied.*

The August 5 Notice of Violation of Suspended Sentence read as follows:

To: Marquita D. Braxton

Before THE HONORABLE THOMAS NEWMAN, JR.

You are hereby notified as follows:

1. That on June 15, 1992, in Madison Superior Court, Division III, you were found guilty of Dealing in Cocaine, a Class B Felony in Cause Nos. 48D03–9109–CF–130, 48D03–9109–CF–133, and 48D03–9011–CF–171;

2. That sentence of 13 years of the 15–year sentence to the Indiana Department of Correction was suspended, upon condition that you obey certain specific terms of that suspended sentence;

3. That you violated those conditions as follows:

---

1. Ind.Code § 35–48–4–1 (1993).

2. Ind.Code § 35–45–1–3 (1993).

3. Ind.Code § 35–48–4–11 (1993).

a) Not to violate the laws of Indiana or the U.S.:

On/about July 13, 1993, the defendant committed the criminal offenses of Disorderly Conduct and Possession of Marijuana;

b) Comply with recommendation of treatment facility;

c) Complete therapy ordered;

d) Failure to abstain from alcohol/illicit drugs:

On/about July 13, 1993, defendant submitted to a urinalysis, which tested positive for marijuana;

e) Failure to comply with specific order of sentencing:

On/about June 20, 1993, and June 29, 1993, defendant violated conditions of in-home detention by forcibly removing B.I. Monitoring ankle and transmitter from her person;

Therefore, the Probation Department recommends to the Court that:

A Summons to issue for defendant probationer to appear in court, and an initial hearing on said violation be held.

■ It is true that the trial court did not inform Braxton that the conditions imposed on her home detention were also conditions of her probation. On the facts of this case, however, that oversight is of no moment. The law of this state is well-established that although a trial court must specify the conditions of probation in the record, Ind.Code § 35–38–2–1(a)(1) (1993), *Atkins v. State* (1989), Ind.App., 546 N.E.2d 863, 865, it is always a condition of probation that a probationer not commit an additional crime. Ind. Code § 35–38–2–1(a); *Atkins,* 546 N.E.2d at 865; *Jaynes v. State* (1982), Ind.App., 437 N.E.2d 137, 139.

■ Paragraph 3a of the notice of Violation of Suspended Sentence plainly charged Braxton with Disorderly Conduct and Possession of Marijuana in violation of the conditions of her suspended sentence. At the initial hearing, the trial court made it plain to Braxton and her lawyer that the reimposition of the suspended 13 year sentence was at stake: "This is a very serious matter. If these allegations are proved out, you could go to prison for thirteen years, at least." At the hearing itself, the deputy prosecutor explicitly argued for the revocation of Braxton's probation; the lawyer appearing for Braxton argued explicitly and strenuously that the trial court not reimpose the 13 year suspended sentence.

Had the notice of Violation of Suspended Sentence not included the factual basis on which the State was seeking revocation of Braxton's probation, or had Braxton had no actual notice that it was revocation of her probation that the State was seeking, we might very well have concluded along with the Court of Appeals that Braxton did not receive the notice to which due process entitled her. But we believe that written notice of the claimed violations together with actual notice that the State was seeking revocation of probation satisfied the requirements of due process. *Cf. Bryce,* 545 N.E.2d at 1096 (although probationer did not receive written notice of probation revocation hearing, he appeared at the hearing with counsel and therefore had actual notice of the hearing, which was all due process required).

## II

■ Braxton claims that the evidence was insufficient to support the trial court's decision to revoke her probation. A probation hearing is civil in nature. *Isaac,* 605 N.E.2d at 147; *Henderson v. State* (1989), Ind, 544 N.E.2d 507, 512. The State must prove the alleged violations of probation by a preponderance of the evidence. Ind. Code Ann. § 35–38–2–3(e) (West Supp.1994); *Henderson,* 544 N.E.2d at 512. We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. If there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation, we will affirm its decision to revoke probation. *Menifee v. State* (1992), Ind.App., 600 N.E.2d 967, 970, *reh'g denied* (1993), 605 N.E.2d 1207; *Jaynes,* 437 N.E.2d at 139–40.

■ The State presented evidence in this case that the police found marijuana in Brax-

ton's purse. As a condition of probation, Braxton was, by statute, required not to commit any crimes. The State clearly proved by a preponderance of the evidence that Braxton possessed marijuana. This is sufficient to support the trial court's revocation of her probation.

## Conclusion

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, Ind.Appellate Rule 11(B)(3), and affirm the trial court's revocation of Braxton's probation.

SHEPARD, C.J., and DICKSON and SELBY, JJ., concur.

DeBRULER, J., dissents without separate opinion.