**Randall FUGATE, Appellant–Defendant,**

v.

**STATE of Indiana, Appellee–Plaintiff.**

No. 49A02–9611–CR–754.

Court of Appeals of Indiana.

Aug. 15, 1997.

---

Aaron E. Haith, Indianapolis, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, John B. Herriman, Deputy Attorney General, Indianapolis, for Appellee–Plaintiff.

## OPINION

FRIEDLANDER, Judge.

Randall Fugate appeals the revocation of his probation.

We affirm.

The facts favorable to the judgment are that Fugate was convicted of reckless homicide for his involvement in stealing a car and participating in a high-speed police chase that ended in the death of a police officer. The court sentenced Fugate to eight years' imprisonment, suspended two years, and ordered that the suspended portion of the sentence be served on probation. Over a ten-month period while on probation, Fugate 1) was arrested for public intoxication, 2) was charged with possession of alcohol, 3) was arrested for disorderly conduct, 4) failed to attend court-ordered, substance-abuse counseling, and 5) went to Arizona without receiving permission to leave Indiana from his parole officer. After a hearing, the court revoked Fugate's probation.

Applying the relevant standard of review, *see Braxton v. State*, 651 N.E.2d 268, 270 (Ind.1995), we conclude that the trial court did not err in revoking Fugate's probation.

Having scrutinized the record for errors of law, appellant's counsel admits that the revocation of Fugate's probation in the instant case was unassailable. Our review of the record confirms counsel's candid assessment. The trial court adhered to all relevant procedural requirements in reaching its decision, and the evidence was more than sufficient to support revocation. We perceive no value in engaging in what would amount to an exercise in futility, *i.e.*, concocting, discussing, and ultimately rejecting possible errors where it is obvious that none exist.

Judgment affirmed.

SHARPNACK, C.J., and SULLIVAN, J., concur.