**Henry BREWER, Appellant–Petitioner,**

v.

**STATE of Indiana, Appellee–Respondent.**

No. 49A02–0406–CR–505.

Court of Appeals of Indiana.

Oct. 26, 2004.

Hillary Bowe Ricks, Indianapolis, IN, Attorney for Appellant.

Steve Carter, Attorney General of Indiana, Stephen Tesmer, Deputy Attorney General, Indianapolis, IN, Attorneys for Appellee.

**OPINION**

RILEY, Judge.

*STATEMENT OF CASE*

Appellant–Defendant, Henry Brewer (Brewer), appeals the revocation of his

probation for his conviction of dealing in cocaine, a Class B felony, Ind.Code § 35–48–4–1.

We affirm in part, reverse in part, and remand.

## ISSUE

Brewer raises one issue on appeal, which we restate as follows: whether the trial court properly revoked his probation.

## FACTS AND PROCEDURAL HISTORY

On September 5, 2002, the State filed an information against Brewer charging him with Count I, dealing in cocaine, a Class A felony, I.C. § 35–48–4–1; Count II, possession of cocaine, a Class C felony, I.C. § 35–48–4–6; and Count III, possession of marijuana, a Class A misdemeanor, I.C. § 35–48–4–11. On April 15, 2003, Brewer signed a plea agreement, agreeing to plead guilty to dealing in cocaine, a Class B felony, I.C. § 35–48–4–1, as a lesser-included offense of Count I.

On May 20, 2003, during the sentencing hearing, the trial court accepted Brewer's plea agreement and convicted him of dealing in cocaine, a Class B felony. The trial court sentenced Brewer to twelve years suspended, with two years of probation.

On February 23, 2004, the State filed a Petition to Revoke Probation. The petition alleged that: Brewer had failed to report to probation as directed, and had failed to serve ten days in the Marion County Jail as ordered. Subsequently, on March 5, 2004, the State filed an additional Petition to Revoke Probation alleging that Brewer was arrested and charged with domestic battery and invasion of privacy.

On May 13, 2004, a probation revocation hearing was held. During the hearing, the State withdrew the first two alleged probation violations, but proceeded to argue that Brewer violated his probation by commit-

ting domestic battery and invasion of privacy. After the trial court found the domestic battery and invasion of privacy charges to be factually true, the court revoked Brewer's probation and ordered the previously suspended twelve year sentence to be executed.

Brewer now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Brewer contends that the trial court improperly revoked his probation. Specifically, Brewer alleges that (1) the State did not properly submit evidence from which the trial court could find that Brewer had committed another criminal offense, and (2) the trial court erred by denying Brewer his right to present witnesses.

First, Brewer argues that the State did not properly submit evidence from which the trial court could find that Brewer had committed another criminal offense. In particular, Brewer maintains that certified copies of the charges against him were never formally offered or admitted into evidence. Our supreme court has held that a party may not fail to object to a court's action and then raise the court's action as error unless the error is fundamental. *James v. State*, 613 N.E.2d 15, 25 (Ind.1993).

In the instant case, the record reveals that the certified copies of the charges against Brewer were admitted in open court without Brewer objecting to their admittance.

[THE COURT]: Mr. Brewer. Okay. What are we doing?

[DEFENSE COUNSEL]: Judge, this is a hearing on a [violation of probation]. The original violation was that he picked up a new case. That case was dismissed

but the State wants to proceed and go forward.

[THE COURT]: Oh, okay. Very good. Do we have the certified copies of the probable cause?

[STATE]: Yes, your Honor. The motion to dismiss, information, probable cause, all certified. It was a domestic violence—the State dismissed it because the victim didn't show up. Surprise, surprise.

(Transcript p. 27).

After reviewing the record, we find that Brewer did not make any objection to the State handing the certified documents to the trial court during the probation revocation hearing. A failure to object at trial waives the issue for our review. *James,* 613 N.E.2d at 25. Further, since Brewer neither alleges nor establishes fundamental error, we need not address this argument further. *Wood v. State,* 804 N.E.2d 1182, 1189–90 (Ind.Ct.App.2004).

 Next, Brewer argues that he was denied procedural due process. Specifically, Brewer contends that the trial court denied him his right to present any witnesses. Our supreme court held that, "it is well settled that probationers are not entitled to the full array of constitutional rights afforded defendants at trial." *Cox v. State,* 706 N.E.2d 547, 549 (Ind.1999). However, "the Due Process Clause of the Fourteenth Amendment does impose procedural and substantive limits on the revocation of the conditional liberty created by probation." *Cox,* 706 N.E.2d at 549 (quoting *Braxton v. State,* 651 N.E.2d 268, 269 (Ind.1995)). In probation revocation proceedings, our supreme court has described a defendant's due process rights as follows:

> There are certain due process rights, of course, which inure to a probationer at a revocation hearing. These include written notice of the claimed violations, dis-

closure of the evidence against him, an opportunity to be heard and present evidence, the right to confront and cross-examine witnesses, and a neutral and detached hearing body. Indiana Code § 35–38–2–3(e) also ensures the probationer the right to confrontation, cross-examination, and representation by counsel.

*Id.*

In the instant case, after Brewer told the trial court that he had a witness present at the probation revocation hearing to testify on his behalf concerning the alleged probation violation, the trial court responded as follows:

> [THE COURT]: ... if I read these certified documents and I believe that a crime was committed, just believe it then he's going to get revoked and he is going to go to prison for twelve years. I'm just going to tell you that right now.
>
> [DEFENSE COUNSEL]: Right. And Judge, I understand that and the
>
> alleged victim is here in court to testify.
>
> [THE COURT]: I don't care. Okay. She can say anything she wants to. If she wants to get up and say—but if I read this, and I believe that a crime was committed from reading this he's going to go to jail for twelve years. That's just going to happen. Alright. If you want to proceed, that's fine. I just want to make sure that everybody's got their eyes open. Okay. Whatever you want to do.

(Tr. pp. 28–29).

Later in the probation revocation hearing, the record reveals that Brewer again stated to the trial court that the alleged victim was present in court to testify on his behalf.

> [DEFENSE COUNSEL]: And she's here to remake those statements.

[THE COURT]: I don't care. I believe this because this is what happened at the time. When she gets—see this is what happens in these domestic cases all the time.

[DEFENSE COUNSEL]: I understand Judge. Sometimes those things happen.

[THE COURT]: They get coerced into not saying what was right because they don't—because they are scared or whatever. I'm not going to have it, alright. So I believe it occurred. And I'm going to show that I find that the probable cause is sufficient that a crime has occurred. Probation is going to be revoked.

(Tr. p. 33).

Upon review of the record, it is clear that the trial court did not allow Brewer to present his witness. Therefore, we find that the trial court abused its discretion by denying Brewer his due process right to present witnesses. *Cox*, 706 N.E.2d at 549.

### CONCLUSION

Based on the foregoing, we find that although the trial court properly followed the probation revocation hearing procedures for admitting evidence, the trial court denied Brewer's due process right to present witnesses. Therefore, we conclude that the trial court abused its discretion by not properly revoking Brewer's probation.

Affirmed in part, reversed in part, and remanded.

CRONE, J., and VAIDIK, J., concur.