**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Nov 26 2012, 8:49 am

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**STANLEY L. CAMPBELL**
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**AARON J. SPOLARICH**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KENDRICK ALEXANDER, )<br><br>Appellant-Defendant, )<br><br>vs. )<br><br>STATE OF INDIANA, )<br><br>Appellee-Plaintiff. ) | No. 02A03-1205-CR-213 |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Wendy W. Davis, Judge
Cause No. 02D04-1008-FD-852

**November 26, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Kendrick Alexander appeals the revocation of his probation. Concluding that the State proved by a preponderance of the evidence that Alexander violated a condition of his probation during the probationary period, we affirm.

**Facts and Procedural History**

On November 5, 2010, Alexander pled guilty to Class D felony possession of marijuana and was sentenced to 548 days in the Department of Correction with 538 days suspended to probation in Cause No. 02D04-1008-FD-852 (Cause No. 852).

Just over a year later, on November 15, 2011, Alexander was arrested and charged with four marijuana-related offenses under Cause No. 02D04-1111-FD-1577 (Cause No. 1577). Three days later, on November 18, the Allen County probation department filed a verified petition to revoke Alexander's probation in Cause No. 852. The petition alleged that while Alexander was on probation, he violated the rules and conditions of his probation as follows:

> 1. Did not maintain good behavior. On or about the [sic] November 15, 2011, Mr. Alexander was arrested for Count I, Dealing in Marijuana, Class D Felony, Count II, Possession of Marijuana, Class D Felony, Count III, Maintaining a Common Nuisance, Class D Felony, Count IV, Possession of Paraphernalia, Class A misdemeanor, in Allen Superior Court . . . .
>
> 2. Did not pay fees or restitution in timely manner. Defendant's outstanding monetary obligations are $290.00, as of this filing date.

Appellant's App. p. 10.

On April 10, 2012, a jury trial was held on the new criminal charges in Cause No. 1577. Alexander was acquitted of dealing in marijuana and possession of marijuana. Tr. p. 3. The record is silent as to the disposition of the other two charges. Immediately

following the jury trial, the trial court proceeded to the probation-revocation matter in Cause No. 852. The State requested that the trial court "incorporate the evidence from today's trial into the hearing on the probation revocation just to make things go a little faster." *Id.* Defense counsel did not object, so the trial court incorporated the evidence from the criminal trial and made it a part of the record in Cause No. 852. *Id.* No additional evidence was presented.

The prosecutor argued that the evidence from the criminal trial showed that an officer testified that Alexander admitted to flushing marijuana down the toilet and that the marijuana was found in his bedroom. The prosecutor claimed that this evidence satisfied its preponderance-of-the-evidence burden in probation-revocation cases. Defense counsel, on the other hand, asked the trial court to respect the jury's verdict, because obviously the jury did not believe the officer. The trial court found as follows:

> [A]fter hearing the evidence that I've incorporated into . . . the revocation hearing I am going to find that in fact by the preponderance of the evidence you did not maintain good behavior on or about November 15th, 2011. Although you were not just arrested I believe that you were residing in a house full of a lot of marijuana. And as it violates your conditions of probation. So I'm going to revoke you . . . .

*Id.* at 6. The trial court ordered Alexander to serve his previously suspended sentence through Allen County Community Corrections home detention. Appellant's App. p. 12.

Alexander now appeals.

**Discussion and Decision**

Alexander contends that the trial court erred in revoking his probation. Specifically, he argues that the State failed to establish the terms and conditions of his probation and that he was actually on probation on November 15, 2011.

3

"The court may revoke a person's probation if: (1) the person has violated a condition of probation during the probationary period . . . ." Ind. Code § 35-38-2-3(a). The State must prove a violation of probation by a preponderance of the evidence. I.C. § 35-38-2-3(e)[1]; *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995), *reh'g denied*. On review, we will look to the evidence most favorable to the State and neither reweigh the evidence nor judge the credibility of witnesses. *Braxton*, 651 N.E.2d at 270. If substantial evidence of probative value exists to support the trial court's finding that a violation occurred, we will affirm the revocation of probation. *Id.*

As for Alexander's argument that the record from his probation-revocation hearing does not establish the terms and conditions of his probation, we find this argument waived. Notably, Alexander does not argue that the trial court did not inform him of the terms and conditions of his probation when he was first placed on probation and therefore he was unaware of them. *See* Ind. Code § 35-38-2-1(a) ("Whenever it places a person on probation, the court shall: (1) specify in the record the conditions of probation; and (2) advise the person that if the person violates a condition of probation during the probationary period, a petition to revoke probation may be filed . . . ."). The verified petition to revoke Alexander's probation alleged that he violated his probation by not maintaining good behavior, and Alexander challenged the merits of this allegation at the contested probation-revocation hearing. By challenging the merits at the hearing, Alexander cannot now complain that the record did not establish the terms and conditions of his probation.

---

[1] Indiana Code section 35-38-2-3 was amended effective July 1, 2012, *see* P.L. 147-2012, Sec. 10, and this provision is now located at subsection (f).

As for whether the State proved Alexander was on probation, the record indicates that at no time during the probation-revocation hearing that immediately followed the jury trial did Alexander or his counsel allege that he was not on probation. In addition, we note that Indiana Evidence Rule 201 permitted the trial court to take judicial notice of its own records regarding Alexander's conviction and sentence in Cause No. 852, which showed that Alexander was still on probation on November 15, 2011. *See* Ind. Evidence Rule 201(b), (c) (providing that a court may take judicial notice of records of a court of this state, whether requested or not); *Dokes v. State*, 971 N.E.2d 178, 180 n.4 (Ind. Ct. App. 2012). That is, on November 5, 2010, the trial court sentenced Alexander to 548 days in the DOC with 538 days suspended to probation. Accordingly, Alexander was still on probation a little over a year later on November 15, 2011.

Affirmed.

BAILEY, J., and BROWN, J., concur.

5