**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Aug 28 2013, 5:43 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PHILIP R. SKODINSKI**
South Bend, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CHRISTOPHER C. ANDERSON, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 71A05-1302-CR-78 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ST. JOSEPH SUPERIOR COURT
The Honorable R.W. Chamblee, Jr., Judge
The Honorable Elizabeth C. Hurley, Judge
Cause No. 71D08-0708-FB-101

**August 28, 2013**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant–Defendant, Christopher C. Anderson (Anderson), appeals the trial court's revocation of probation.

We affirm.

## ISSUE

Anderson raised one issue on appeal, which we restate follows: Whether the trial court abused its discretion in revoking Anderson's probation and ordering execution of his sentence.

## FACTS AND PROCEDURAL HISTORY

On August 1, 2007, the State filed an Information charging Anderson with Count I, possession of marijuana, a Class A misdemeanor, Ind. Code Section 35-48-4-11, and Count II, possession of cocaine within 1000 feet of a family housing complex, a Class B felony, I. C.§ 35-48-4-6.  Anderson entered into a plea agreement with the State, wherein he agreed to plead guilty to Count I and II.  On January 12, 2009, the trial court held a sentencing hearing where it accepted Anderson's plea agreement, and sentenced him to twelve months for Count I.  Anderson was also sentenced to serve ten years for Count II, with 4 years of that sentence suspended and probation with community corrections for the remaining six years.  Both sentences were to run concurrently.

On January 19, 2011, the State filed a petition to revoke Anderson's probation, alleging that he had: (1) violated the conditions of his placement set forth by St. Joseph County Community Corrections; (2) tested positive on three separate occasions for THC,

once for opiates and once for alcohol; and (3) failed to make good-faith effort to pay his home detention fees totaling to $ 7, 220.00. On May 12, 2011, Anderson's case manager conducted a home search where she found 10 marijuana joints. Specifically, on May 16, 2011, Anderson's case manager wrote to the prosecutor to inform him of additional misconduct committed by Anderson. On July 1, 2011, the trial court held a hearing on the State's petition to revoke Anderson's probation. Anderson admitted that he violated his probation, however on January 17, 2012, the trial court extended Anderson's probationary period and returned him to community corrections. .

On October 30, 2012, State filed a second petition to revoke Anderson's probation alleging Anderson had: (1) violated the conditions of his placement; (2) failed an alcohol test and had tested positive for spice; and (3) failed to make good-faith effort to pay his home detention fees which now had gone up to $ 7, 502.31. On January 4, 2013, the trial court held an evidentiary hearing where Anderson's case manager, Michael Wells (Wells), testified that Anderson had violated his probation. Wells testified that on nine separate dates, Anderson had indicated on the work schedule that he was at work when in fact he was somewhere else. Wells further testified that the times when Anderson's whereabouts were unaccounted for varied between a couple hours to the entire length of his work shift. Also, Wells stated that on October 3, 2012, Anderson tested positive for alcohol. At the close of the hearing, the trial court found that Anderson had violated the terms of his probation.

On January 22, 2013, the trial court conducted Anderson's sentencing hearing. At the close of the hearing, the trial court held that Anderson had violated the terms of his probation and ordered him to serve the remainder of his ten year sentence in the Department of Correction (D.O.C.).

Anderson now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

Anderson challenges his revocation of probation and argues that the trial court abused its discretion in sentencing him to serve the remainder of his ten year sentence at the D.O.C. He argues that his sentence was not appropriate in accordance with Indiana Appellate Rule 7 (B). However App. R 7(B) is not the appropriate standard here. *See Prewitt v. State,* 878 N.E.2d 184, 188 (Ind. 2007)

A reviewing court treats a petition to revoke a placement in a community corrections program the same as a petition to revoke probation. *Cox v. State,* 706 N.E.2d 547, 549 (Ind. 1999). Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting [.]" I.C. § 35–38–2.6–2. In this regard, we note that the decision to revoke probation is within the sole discretion of the trial court. *Reyes v. State*, 868 N.E.2d 438, 440 (Ind. 2007). On review, we consider only the evidence most favorable to the judgment without reweighing that evidence or judging the credibility of the witnesses. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995). If there is substantial evidence of probative value to support the trial

4

court's decision that a defendant has violated any terms of probation, the reviewing court will affirm its decision to revoke probation. *Id*.

We also note that Indiana Code section 35–38–2.6–5 provides that if a person placed directly in community corrections violates the terms of the placement, the trial court may, after a hearing, revoke the placement and commit the person to the D.O.C for the remainder of the sentence. *See Christie v. State,* 939 N.E.2d 691, 694 (Ind. Ct. App. 2011).

In this instant case, the state filed its first petition alleging that Anderson had violated his probation and he admitted to it. The record reveals that the trial court was lenient with Anderson, since it ordered a continuance of his probation with community corrections. This notwithstanding, the record shows that Anderson violated his probation for the second time and this warranted the State to file a second revocation petition. On January 4, 2013, the trial court held Anderson's evidentiary hearing. In support of the State's petition, Wells gave evidence pertaining to Anderson's violation of probation. Wells stated that on nine separate dates, Anderson had indicated on the work schedule that he was at work when in fact he was somewhere else. Also, Wells testified that on October 3, 2012, when he ordered Anderson to take a breathalyzer test, he tested positive for alcohol. Finally, the record shows that Anderson had failed to make a good-faith effort to pay his home detention fees.

We note that proof of a single violation of the conditions of a defendant's probation is sufficient for the trial court to revoke probation. *See Hubbard v. State,* 683

N.E.2d 618, 620 (Ind. Ct. App. 1997). Here, the trial court seems to have been very lenient with Anderson, even after he violated his probation the first time. Anderson's repeated refusal to adhere to the terms of his placement in community corrections demonstrates that revocation of his probation was proper under the circumstances. In light of the forgoing, we find that there was substantial evidence of probative value that supported the trial court's finding. In this regard, we cannot say the trial court acted outside the bounds of its discretion when it ordered Anderson to serve the entire ten years at the D.O.C., for his previously suspended sentence.

## CONCLUSION

For the foregoing reasons, we find that the trial court did not abuse its discretion in revoking Anderson's probation.

Affirmed.

KIRSCH, J. and C. J. ROBB concur