## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 25 2016, 8:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Gary A. Cook
Deputy Public Defender
Peru, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Christina D. Pace
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Dameco Brent,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | August 25, 2016<br><br>Court of Appeals Case No.<br>34A02-1512-CR-2132<br><br>Appeal from the Howard Superior Court<br><br>The Honorable William C. Menges, Judge<br><br>Trial Court Cause No.<br>34D01-0606-FA-458<br>34D01-1404-FD-248 |

**Bradford, Judge.**

## Case Summary

[1] In 2015, Appellant-Defendant Dameco Brent was serving consecutive terms of probation for two separate convictions. As a condition of probation, Brent was ordered to complete a re-entry program through Howard County Community Corrections. Brent was terminated from the program for failing to check-in with the re-entry program personnel as ordered. As a result of being terminated from the re-entry program, the trial court revoked Brent's probation. On appeal, Brent argues that the State presented insufficient evidence that he failed to report to the re-entry program. We affirm.

## Facts and Procedural History

[2] On June 6, 2007, Brent pled guilty to Class B felony dealing in cocaine, cause number 34D01-0606-FA-458 ("FA-458"). The trial court sentenced Brent to a seventeen-year term of incarceration with ten years to be executed and seven suspended to probation. On April 11, 2014, Appellee-Plaintiff the State of Indiana ("the State") charged Brent with Class D felony intimidation and Class A misdemeanor invasion of privacy under cause number 34D01-1404-FD-248 ("FD-248"). On May 1, 2014 and September 8, 2014, the State petitioned to revoke Brent's suspended sentence under cause FA-458. On April 15, 2015, Brent pled guilty to Class A misdemeanor invasion of privacy. The trial court sentenced Brent to one year with two days executed and the remaining 363 days suspended to probation and to be served consecutively to his 2007 sentence for dealing in cocaine. On April 16, 2015, Brent admitted to violating probation and the trial court imposed 426 days of his previously suspended

sentence of cause FA-458. Brent was ultimately returned to probation and, as a condition of probation, was ordered to successfully complete the Howard County Re-Entry Court Program ("the re-entry program").

[3] On July 29, 2015, the trial court ordered Brent to report to community corrections immediately upon his release from jail. The only two individuals from the re-entry program who were working at the community corrections office that day testified that they did not see Brent and were never notified that he came in. On August 19, 2015, the trial court held a hearing on Brent's termination from the re-entry program. At the hearing, Brent testified that after he was released from jail, he got a ride to the community corrections office from Carlos James. James was on in-home detention at the time and was wearing a tracking bracelet which recorded his location. The State submitted the list of all locations visited by James according to the bracelet and it appears that James did not visit the community corrections facility on the day in question.

[4] Brent also testified that, upon arriving at the community corrections office, he checked in with Robert Jones, who told Brent that he would inform the re-entry personnel that Brent had checked in. Jones, who works as an in-home detention case manager, did not remember if he saw Brent, but indicated that he did not record speaking with Brent on a "check-in form" as is his usual policy. Tr. Aug. 19, 2015, p. 14. Following the hearing, the trial court found that Brent violated the terms of the re-entry program for failing to report and terminated him from the program.

On August 20, 2015, the State filed a petition to revoke Brent's suspended sentences in causes FA-458 and FD-248. Brent admitted to being terminated from the re-entry program, completion of which was a condition of probation. The trial court found that he violated the terms of his probation and imposed his previously-suspended sentences of 363 days in FD-248 and 2129 days in FA-458, to be served consecutively.

# Discussion and Decision

Our standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. [*Brooks v. State*, 692 N.E.2d 951, 953 (Ind. Ct. App. 1998).]. A probation hearing is civil in nature and the State need only prove the alleged violations by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995). We will consider all the evidence most favorable to supporting the judgment of the trial court without reweighing that evidence or judging the credibility of witnesses. *Id.* If there is substantial evidence of probative value to support the trial court's conclusion that a defendant has violated any terms of probation, we will affirm its decision to revoke probation. *Id.*

*Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999)

Because probation revocation procedures "are to be flexible, strict rules of evidence do not apply." *Id.*; *see also* Ind. Evidence Rule 101(c). The trial court may consider hearsay "bearing some substantial indicia of reliability." *Id.* at 551. Hearsay is admissible in this context if it "has a substantial guarantee of trustworthiness." *Reyes v. State*, 868 N.E.2d 438, 441 (Ind. 2007), *reh'g denied*. A trial court "possesses broad discretion in ruling on the admissibility of evidence, and we will not disturb its decision

absent a showing of an abuse of that discretion." *C.S. v. State*, 735 N.E.2d 273, 275 (Ind. Ct. App. 2000), *trans. denied*.

*Peterson v. State*, 909 N.E.2d 494, 499 (Ind. Ct. App. 2009).

[7] Brent argues that the trial court abused its discretion when it found that he failed to appear to Howard County Community Corrections as ordered. Specifically, he argues that because none of the re-entry officers could say for certain that Brent did not appear at the community corrections office, the State failed to meet its burden that he did not appear by a preponderance of the evidence. First, we note that this argument is nothing more than a request for this court to reweigh the evidence, which we cannot do. Furthermore, the trial court specifically addressed the conflicting evidence and found Brent's self-serving testimony to be unreliable.

> We have Mr. Brent's rather self-serving statements that he talked to Mr. Jones who very clearly is not a member of the re-entry team, has never been a member of the re-entry team, had never held himself out to be a member of the re-entry team, and Mr. Brent was specifically told by Judge Vanderpool to talk to the re-entry personnel. Mr. Jones indicated that had Mr. Brent or anybody else indicated they were there to report for re-entry as Mr. Brent has testified that he said he did, that he would have notified [the re-entry personnel] of Mr. Brent's presence. If he was doing a check-in with Brent, he would have made notes with it himself if he was handling the check in. No notes were made. As Mr. Jones testified that if he had had a conversation such as that relayed by Mr. Brent he would have remembered it. He does not remember any such conversation. Couple that with the fact that Mr. James' tracks would indicate that he wasn't anywhere near either the jail or Community Corrections Building during

that period of time in question, leaves me to believe that Mr. Brent is not being truthful in his testimony and, therefore, that does not take away from the credibility of the State's witnesses. I find by a preponderance of the evidence that Mr. Brent violated the terms of re-entry by failing to report to the re-entry program personnel as ordered and we will, therefore, terminate him from the Re-Entry Program.

Tr. pp. 33-34. The trial court did not credit Brent's testimony and was well within its discretion to do so. We are not in permitted to substitute our own judgment regarding witness credibility, *Braxton*, 651 N.E.2d at 270, nor does there appear to be any reason to do so here.

[8] The judgment of the trial court is affirmed.

Pyle, J., and Altice, J., concur.