## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 23 2017, 8:52 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Cara Schaefer Wieneke<br>Brooklyn, Indiana | Curtis T. Hill, Jr.<br>Attorney General of Indiana<br><br>Justin F. Roebel<br>Deputy Attorney General<br>Indianapolis, Indiana |

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Brent N. Simcox,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | June 23, 2017<br><br>Court of Appeals Case No.<br>52A02-1702-CR-280<br><br>Appeal from the Miami Circuit Court<br><br>The Honorable Timothy P. Spahr, Judge<br><br>Trial Court Cause No.<br>52C01-1405-FB-21 |

**Najam, Judge.**

## Statement of the Case

Brent N. Simcox appeals the trial court's revocation of his probation. Simcox raises a single issue for our review, namely, whether the trial court abused its discretion when it revoked Simcox's probation after Simcox failed a drug test. We affirm.

## Facts and Procedural History

In December of 2014, Simcox pleaded guilty to burglary, as a Class B felony. The trial court initially sentenced Simcox to eight years with two years suspended to probation. However, after Simcox successfully completed a purposeful incarceration program while with the Department of Correction, the court agreed to modify Simcox's sentence such that the remainder of his executed time could be spent on work release and, later, home detention.

About one month after his sentence was modified to home detention, Simcox failed a drug test and tested positive for methamphetamine and buprenorphine. Thereafter, the State filed its notice of probation violation and petition to revoke Simcox's placement. At an ensuing hearing, Simcox admitted to the alleged violations. The court then revoked Simcox's placement and ordered him to serve one year and 300 days of his previously suspended sentence. This appeal ensued.

## Discussion and Decision

Simcox appeals the trial court's revocation of his probation. As the Indiana Supreme Court has made clear:

"Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that: "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants."). A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995); *see* Ind. Code § 35-38-2-3(f) (2012). When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation." *Braxton*, 651 N.E.2d at 270.

*Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014).

[5] According to Simcox, the trial court abused its discretion when it relied on one failed drug test to revoke his probation. In particular, Simcox asserts that he

had a severe substance abuse addiction that began when he was a young teen. He also struggled with both depression and anxiety. He successfully completed the purposeful incarceration program and had no conduct violations while in the D.O.C. Upon release to community corrections, he obtained housing and stable employment; he took all the steps necessary to have his driving privileges reinstated; and he began paying down his child support arrearage while attempting to rebuild a relationship with his children.

Appellant's Br. at 8-9.

[6]     Simcox's argument on appeal is merely a request for this court to reweigh the evidence, which we will not do. The trial court emphasized in its decision how quickly Simcox had committed these violations upon being placed on home detention and Simcox's history of three prior "unsuccessful terminations of probation" in other matters. Tr. Vol. II at 34. Moreover, Simcox's characterization of his failed drug test as "a single" violation, *id.* at 4, is not correct; he failed one drug test, but he failed it for two substances. In sum, we reject Simcox's request to reweigh the evidence and hold that the trial court's judgment is supported by sufficient evidence.

[7]     Affirmed.

Mathias, J., and Altice, J., concur.