## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Mar 06 2019, 10:05 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Michael R. Fisher
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Sierra Murray
Deputy Attorney General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Regina L. Williams,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | March 6, 2019<br><br>Court of Appeals Case No.<br>18A-CR-2042<br><br>Appeal from the Marion Superior Court<br><br>The Honorable Lisa F. Borges, Judge<br><br>Trial Court Cause No.<br>49G04-1702-F5-4629 |

**Najam, Judge.**

# Statement of the Case

Regina Williams appeals the revocation of her placement on home detention with community corrections. Williams raises two issues on appeal, which we revise and restate as follows:

1. Whether the State presented sufficient evidence to support the revocation of her placement.

2. Whether the trial court abused its discretion when it revoked her placement.

We affirm.

# Facts and Procedural History

On February 6, 2018, Williams pleaded guilty to neglect of a dependent resulting in bodily injury, as a Level 5 felony. Thereafter, the trial court accepted Williams' plea agreement and, pursuant to that agreement, sentenced Williams to a four-year sentence, with three years of home detention and one year suspended to probation. As a condition of her placement on home detention, Williams agreed not to use products that contain alcohol, including alcoholic beverages, mouthwash, and disinfectants. Williams also agreed to submit to self-administered alcohol monitoring ("breathalyzer") tests in accordance with a specified schedule.

On May 22, the State filed an amended notice of violation, in which the State alleged that Williams had violated the terms of her probation. Specifically, the

State alleged that, on thirty-four occasions, Williams either had tested positive for alcohol or had failed to submit to one or more tests.

[5] On July 27, the trial court held a hearing on the State's notice of violation. Williams testified in her own defense and stated that she was "just putting [Listerine] in [a] hole in [her] tooth" and that she had missed tests due to a malfunction of her breathalyzer. Tr. at 19. However, an officer for the State testified that the breathalyzer was operating correctly. The trial court then revoked Williams' placement and ordered her to serve the remainder of her three-year sentence in the Department of Correction. This appeal ensued.

# Discussion and Decision

### *Issue One: Sufficiency of the Evidence*

[6] Williams first contends that the State failed to present sufficient evidence to support the revocation of her placement on home detention. When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation." *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995). The State needed only to prove the alleged violations by a preponderance of the evidence. *Id.* The conditions of a defendant's probation are determined at the discretion of the trial court, and if the probationer fails to comply, "a violation has occurred." *Woods v. State*, 892 N.E.2d 637, 641 (Ind. 2008).

[7]     The evidence most favorable to the trial court's judgment demonstrates that Williams tested positive for alcohol or failed to submit to a breathalyzer test on numerous occasions. Specifically, Williams' case manager, Paige Myers, testified that Williams had violated the conditions of her placement thirty-four times when she either failed or missed scheduled tests. Myers also testified that Williams did not report any issues with her breathalyzer. Williams asserts that portions of Myers testimony is hearsay; however, "the Indiana Rules of Evidence in general and the rules against hearsay in particular do not apply in community corrections placement revocation hearings." *Cox v. State*, 706 N.E.2d 547, 551 (Ind. 1999). Additionally, Williams neither objected to the testimony during the hearing, nor does she now challenge the admissibility of the hearsay evidence on appeal. Considering the evidence most favorable to the trial court's judgment, we conclude that the State presented sufficient evidence to support the revocation of Williams' placement.

[8]     On appeal, Williams specifically contends that the State failed to present sufficient evidence to support the revocation of her placement because she had testified that the positive alcohol tests were due to her use of Listerine and that the missed tests were due to a malfunction in the breathalyzer machine. But the trial court expressly found that Williams' testimony was not credible and that her assertions were unconvincing. Williams' argument on appeal is simply a request that we reweigh the evidence, which we cannot do.

## *Issue Two: Abuse of Discretion*

[9]     Williams also asserts that, the sufficiency of the evidence notwithstanding, the trial court abused its discretion when it revoked her placement on home detention. The standard of review of an appeal from the revocation of a community corrections placement mirrors that for revocation of probation. *McQueen v. State*, 862 N.E.2d 1237, 1242 (Ind. Ct. App. 2007). Probation revocation is a two-step inquiry. First, the trial court must make a factual determination that a violation of a condition of probation actually occurred. Afterwards, if the violation is proven, the trial court must determine if the violation warrants revocation of the probation. *Sullivan v. State*, 56 N.E.3d 1157, 1160 (Ind. Ct. App. 2016). "A defendant is not entitled to serve a sentence in either probation or a community corrections program." *Cox*, 706 N.E.2d at 549 (Ind. 1999). Placement in either is not a right but a "matter of grace" and a "conditional liberty." *Id*.

[10]    Williams asserts that the trial court's revocation of her placement was an abuse of discretion because the positive alcohol tests were the result of her use of Listerine to treat an infected tooth. But the evidence most favorable to the trial court's judgment shows that Williams violated the terms of her placement on thirty-four occasions. Williams' argument is, again, merely a request for this Court to reweigh the evidence, which we will not do. As there is substantial evidence of probative value to support the trial court's conclusion that Williams' violated the terms of her home detention, we cannot say that the trial

court abused its discretion when it revoked her placement. We therefore affirm the trial court.

[11] Affirmed.

Pyle, J., and Altice, J., concur.