## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Aug 25 2020, 8:37 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Joe Duepner
Duepner Law LLC
Noblesville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Catherine Brizzi
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Donald Swain,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

August 25, 2020

Court of Appeals Case No.
20A-CR-286

Appeal from the Madison Circuit Court

The Honorable David A. Happe, Judge

Trial Court Cause Nos.
48C04-1012-FC-794
48C04-1012-FC-872

**Najam, Judge.**

# Statement of the Case

Donald Swain appeals the trial court's revocation of his probation. Swain raises a single issue for our review, namely, whether the trial court abused its discretion when it revoked his probation. We affirm.

# Facts and Procedural History

In 2013, Swain pleaded guilty to operating a vehicle after lifetime forfeiture of license, a Class C felony; resisting law enforcement, as a Class D felony; and auto theft, as a Class D felony, in Cause No. 48C04-1012-FC-794 ("FC-794"). The trial court sentenced Swain to six years, with two years suspended to probation. Also in 2013, Swain pleaded guilty to four counts of nonsupport of a dependent child, one as a Class C felony and three as Class D felonies, in Cause No. 48C04-1012-FC-872 ("FC-872"). The trial court sentenced him to three years, with one year suspended to probation.

On January 9, 2019, Swain began serving probation in both FC-794 and FC-872. In November, the State filed notices of probation violations alleging that: (1) on March 25, 2019, Swain committed invasion of privacy; (2) on April 2, 2019, Swain committed operating a vehicle after forfeiture of license for life; and (3) on November 21, 2019, Swain committed possession of cocaine, possession of marijuana, and possession of paraphernalia. At the evidentiary hearing, the State dismissed the invasion of privacy allegation. Following the hearing, the trial court found in its amended order that Swain had violated his probation when he operated a vehicle after forfeiture of his license for life and

when he possessed marijuana. The court did not find that Swain had possessed either cocaine or paraphernalia. The court then revoked Swain's probation and ordered him to serve 1,858 days of his previously suspended sentence in FC-794 and 763 days of his previously suspended sentence in FC-872. This appeal ensued.

# Discussion and Decision

[4] Swain appeals the trial court's revocation of his probation. As our Supreme Court has made clear:

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that: "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants."). A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995); *see* Ind. Code § 35-38-2-3(f) (2012). When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation." *Braxton*, 651 N.E.2d at 270.

*Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014).

[5]     Swain contends that the State presented insufficient evidence to support either of the probation violations found by the trial court. However, because a single violation of a condition of probation is sufficient to permit the trial court to revoke probation, we need only address the sufficiency of the evidence with respect to one of the alleged violations, namely, his possession of marijuana. *See Treece v. State*, 10 N.E.3d 52, 59 (Ind. Ct. App. 2014), *trans. denied*.

[6]     Swain contends that the State did not prove by a preponderance of the evidence that he had possessed marijuana. But Swain's argument in support of that contention relies on case law regarding the sufficiency of the evidence to support a *conviction* for possession of marijuana, including an unpublished memorandum decision of this Court. *See* Appellant's Br. at 19 (citing *Moody v. State*, No. 49A05-1611-CR-2487, 2017 WL 2350940 (Ind. Ct. App. May 31, 2017)). Swain ignores the lower bar here—the State need only have proved his possession by a preponderance of the evidence.

[7]     At the evidentiary hearing, the State presented evidence that, on November 21, 2019, officers confronted Swain while he was sitting in a car, alone. Officers smelled the odor of marijuana coming from the car, and they found a green leafy substance inside the car that, based on their experience, they identified as marijuana. Swain's argument on appeal is merely a request for this court to reweigh the evidence, which we cannot do. We hold that the State presented sufficient evidence to prove that Swain possessed marijuana. *See Braxton v. State*, 651 N.E.2d 268, 270-71 (Ind. 1995) (holding evidence that officers found marijuana in defendant's purse sufficient to prove by a preponderance of the

evidence that she possessed marijuana). The trial court did not abuse its discretion when it revoked Swain's probation.

[8] Affirmed.

Bradford, C.J., and Mathias, J., concur.