## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jul 05 2018, 5:43 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kurt A. Young
Nashville, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Henry A. Flores, Jr.
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

David Johnson,
*Appellant-Defendant,*

v.

State of Indiana,
*Appellee-Plaintiff.*

July 5, 2018

Court of Appeals Case No.
18A-CR-70

Appeal from the Marion Superior Court

The Honorable Lisa F. Borges, Judge

Trial Court Cause No.
49G04-1003-FA-24557

**Najam, Judge.**

## Statement of the Case

David Johnson appeals the trial court's revocation of his probation. Johnson raises a single issue for our review, which we restate as whether he preserved his claim of error in the admission of evidence for appellate review. We affirm.

## Facts and Procedural History

On March 25, 2010, Johnson committed aggravated battery, as a Class B felony. Pursuant to an ensuing plea agreement, the trial court sentenced Johnson to twenty years, with eight years suspended and three years on formal probation. On May 26, 2016, Johnson began his term of probation.

Less than nine months after his release to probation, Johnson failed two drug screens when he tested positive for opiates and methamphetamine. Probation officers referred Johnson to a substance abuse treatment center. However, he did not enroll for treatment at the center, and he failed to appear at scheduled assessments in mid-May and early June of 2017.

On June 12, officers initiated a traffic stop of a stolen vehicle. According to the ensuing probable cause affidavit of Indianapolis Metropolitan Police Department ("IMPD") Officer Tod Puletz:

> Officer [Catherine] Hedges observed David Johnson pay and put fuel into the gas tank of a [reported stolen] Chevy Tahoe and observed Austin Day with the Tahoe . . . . Officer Hedges has knowledge that Austin Day does not have a valid driver's license nor does David Johnson.

\* \* \*

> . . . Officers conducted a high risk stop and placed Austin Day (driver) and David Johnson (front passenger seat) into custody . . . .
>
> Visible indicators on the vehicle were punched steering column cover but a rubber piece was used to conceal damage.  A "punch key or fake key" to turn the ignition as if it w[ere] a valid key for the vehicle, wires were broken, the gear shift would move freely without key, broken interior door locks, broken control panel on driver's side panel, in the back rear, vents removed and damaged.  Inside of the vehicle found were personal property belonging to the victim including the registration . . . .
>
> Before asking any questions, Officer Hedges read Miranda Warning . . . , to which both Austin Day and David Johnson understood the Miranda Warning.  Under Miranda, Austin Day admitted to switching seats with David Johnson while in possession of the vehicle . . . .
>
> . . . The owner . . . stated[] he did not know Day or Johnson and did not give anyone a key to his vehicle or give anyone permission to take his vehicle . . . .

Ex. Vol. 1 at 8-9.[1]

[5]     The State charged Johnson with auto theft, as a Level 6 felony, and separately filed a notice of probation violation.  In its notice of probation violation, the

---

[1] Our pagination of the Exhibits Volume refers to the .pdf pagination.

State alleged that Johnson's probation should be revoked both because he had committed the new offense of auto theft and because he had failed to comply with required substance abuse treatment. At an ensuing evidentiary hearing on the notice of probation violation, IMPD Officer Derek Duvall, who had arrived at the scene of Johnson's arrest after Johnson had already been placed in handcuffs, testified, without objection, as to the facts surrounding the traffic stop and Johnson's arrest as relayed to Officer Duvall by other officers. During Officer Duvall's testimony, the State requested that the charging information for auto theft and Officer Puletz's supporting probable cause affidavit be admitted into evidence. In response, Johnson declared that he had "[n]o objection" to the admission of those documents. Tr. at 16.

[6] Also during the evidentiary hearing, the State called Tara Olson, the Court Team Supervisor for the Marion County Probation Department. Olson testified that Johnson had tested positive for methamphetamine and opiates and that he had been referred to a substance abuse treatment center. She further testified that he then missed two scheduled appointments for treatment at that center "and still to date [has] not enrolled into treatment." *Id.* at 18.

[7] Following the evidentiary hearing, the trial court found that Johnson violated the conditions of his probation both when he committed the new offense of auto theft and when he "tested positive for meth and opiates." *Id.* at 22. Accordingly, the court revoked Johnson's probation and ordered him to serve six years in the Department of Correction. This appeal ensued.

# Discussion and Decision

On appeal, Johnson asserts that the trial court erred when it revoked his probation.

> "Probation is a matter of grace left to trial court discretion, not a right to which a criminal defendant is entitled." *Prewitt v. State*, 878 N.E.2d 184, 188 (Ind. 2007) (explaining that: "Once a trial court has exercised its grace by ordering probation rather than incarceration, the judge should have considerable leeway in deciding how to proceed. If this discretion were not afforded to trial courts and sentences were scrutinized too severely on appeal, trial judges might be less inclined to order probation to future defendants."). A probation hearing is civil in nature, and the State must prove an alleged probation violation by a preponderance of the evidence. *Braxton v. State*, 651 N.E.2d 268, 270 (Ind. 1995); *see* Ind. Code § 35-38-2-3(f) (2012). When the sufficiency of evidence is at issue, we consider only the evidence most favorable to the judgment—without regard to weight or credibility—and will affirm if "there is substantial evidence of probative value to support the trial court's conclusion that a probationer has violated any condition of probation." *Braxton*, 651 N.E.2d at 270.

*Murdock v. State*, 10 N.E.3d 1265, 1267 (Ind. 2014).

Here, Johnson asserts that the trial court "erred in admitting and considering hearsay upon hearsay evidence"—specifically, Officer Duval's testimony and Officer Puletz's probable cause affidavit—and, without that evidence, "the evidence was insufficient to prove that Johnson violated his probation by committing auto theft." Appellant's Br. at 7. We reject Johnson's arguments.

[10] Johnson did not object in the trial court—at any point—during Officer Duval's testimony. As such, his complaint on appeal that that testimony was inadmissible hearsay has not been preserved for appellate review. *E.g.*, *Sampson v. State*, 38 N.E.3d 985, 992 (Ind. 2015). Johnson also did not object to the admission of Officer Puletz's probable cause affidavit. Instead, Johnson affirmatively declared that he had no objection to that evidence. Accordingly, not only did Johnson not preserve the alleged error in the admission of the probable cause affidavit, he invited any such error. Invited error is not reversible error.

[11] Neither are we persuaded by Johnson's passing comment in his brief on appeal that the alleged evidentiary errors were fundamental error. Our trial courts rarely have the obligation to interject themselves on behalf of defendants in evidentiary matters. *E.g.*, *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010). And fundamental error is not available when the defendant affirmatively states that he has "no objection" to proffered evidence and invites the alleged error in its admission. *E.g.*, *Halliburton v. State*, 1 N.E.3d 670, 678-79 (Ind. 2013). That is, invited error is not fundamental error. In any event, we cannot say that the admission of the allegedly erroneous evidence made a fair trial for Johnson impossible.

[12] Moreover, Johnson's challenge to the revocation of his probation on the grounds that he had committed the new offense of auto theft fails to give any substantial consideration to the fact that the trial court separately revoked his probation based on his failed drug tests and refusal to comply with required

substance abuse treatment. It is well established that the violation of a single condition of probation is sufficient to revoke probation. *E.g.*, *Pierce v. State*, 44 N.E.3d 752, 755 (Ind. Ct. App. 2015). Thus, even if the trial court had erred in its consideration of the evidence of Johnson's auto theft, the evidence of his failed drug screens and treatment would be sufficient to affirm the trial court's revocation of his probation.

[13] In sum, Johnson has not preserved his evidentiary challenges for our review, and we affirm the trial court's revocation of Johnson's probation.

[14] Affirmed.

Vaidik, C.J., and Pyle, J., concur.